Thomas P. MOORE, Appellant,

v.

JOHN A. LUCHSINGER, P.C.,
and John A. Luchsinger,
Esquire, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 28, 2004.

Filed Nov. 17, 2004.

Geoffrey S. Worthington, Stroudsburg, for appellant.

Jeffrey B. McCarron, Philadelphia, for appellee. (submitted)

BEFORE: STEVENS, KLEIN, JJ., and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

■ ¶ 1 The trial judge denied a motion by Plaintiff Thomas P. Moore to strike and remove a *non pros* for failing to file a timely certificate of merit or petition to extend the time for filing. *See* Pa.R.C.P. 1042.3. The *non pros* was entered against Moore by defendants, John A. Luchsinger, P.C. and John A. Luchsinger, Esquire ("Luchsinger"). *See* Pa.R.C.P. 1042.6.[1] We reverse and remand for a hearing to determine when the praecipe should be deemed filed.[2]

¶ 2 Moore filed a legal malpractice case against the attorney and law firm that represented him as administrator of an estate. Moore alleged that because of bad legal advice given to him by Luchsinger as the administrator of an estate, he distributed money from the estate to the wrong people and was personally held responsible.

¶ 3 We disagree with the trial judge that a praecipe for *non pros* can be filed for failure to timely file a certificate of merit (or a petition to extend the time for filing) in a professional malpractice case *after* a certificate of merit has already been filed, whether or not the certificate was filed late. However, it is uncertain in this case whether the praecipe for *non pros* should be considered filed before or after the certificate of merit was filed. Hence the need to remand for a hearing.

¶ 4 We note that some of the new issues resulting from the adoption of Pa.R.C.P. 1042.1–1042.8 dealing with professional liability claims were thoroughly addressed in two trial court opinions in the same case, *Helfrick v. UPMC Shadyside Hospital*, 64 Pa. D. & C.4th 129 (2003) and 65 Pa. D. & C.4th 420 (2003). The opinions were written by Allegheny County Common Pleas Judge Stanton R. Wettick, Jr., universally recognized as one of the outstanding jurists in the Commonwealth, whose reasoning was recently approved by our own court in *Hoover v. Davila*, 2004 PA Super 314, 862 A.2d 591 (8/13/04). *See also Velazquez v. UPMC Bedford Mem'l Hosp.*, 328 F.Supp.2d 549 (2004) (United States District Court decision finding reasoning and holding of Judge Wettick in *Helfrick* to be persuasive). Judge Wettick cogently

---

1. According to Rule 1042.6—Entry of Judgment of Non Pros for Failure to File Certification:

    (a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.

    Note: The prothonotary may not enter judgment if the certificate of merit has been filed prior to the filing of the praecipe. Rule 237.1 does not apply to a judgment of *non pros* entered under this rule.

2. We note the standard of review in such cases is an abuse of discretion standard. An exercise of that discretion will not be reversed on appeal absent some proof of manifest abuse. *Hoover v. Davila,* 2004 PA Super 314.

and accurately summarized the law of the Commonwealth in this area.

¶ 5 In the earlier of the two opinions, Judge Wettick struck the *non pros* of a case against one of the defendant doctors where the plaintiff filed the certificate of merit a few hours before the doctor filed a praecipe for the entry of judgment of *non pros* pursuant to Pa.R.C.P. 1042.6. Judge Wettick relied on the note to Rule 1042.6, which reads:

> Note: The prothonotary may not enter judgment if the certificate of merit has been filed prior to the filing of the praecipe.

We agree with Judge Wettick when he wrote:

> A note should be used in construing a rule of civil procedure unless it is not possible to give effect to both the note and the rule. *See* Pa.R.C.P. 192(e) ("A note to a rule or an explanatory comment is not part of the rule but may be used in construing the rule.") and the explanatory comment—1990 to Rule 129(e) (citing with approval the statement of the Pennsylvania Supreme Court in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 59, 436 A.2d 147 (1981), that explanatory notes "indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted").

64 Pa. D. & C.4th at 132.

¶ 6 Likewise, as also noted by Judge Wettick, there is no inconsistency between the text of Rule 1042.6 and the note, since the rule is not self-enforcing. This is similar to the situation where the rules provide that a complaint must be filed within 20 days after service of the rule, and, if not, the defendant may praecipe for the entry of a *non pros*. In that circumstance, the judgment of *non pros* may be entered only if the praecipe is filed before a complaint is filed. *See* 7 Standard Pennsylvania Practice 2d § 39:93 (1996) (and cases cited therein).

¶ 7 That would end this matter, except Luchsinger claims that the defendants' praecipe for entry of judgment of *non pros* was filed *before* the certificate of merit was filed. Luchsinger claims that the praecipe was mailed to the prothonotary on October 29, 2003, and received by the prothonotary on October 30, 2003. Since Pa.R.C.P. 205.1 provides that a document should be deemed filed when it is received by the prothonotary, not when it is put on the docket, if this is correct, the certificate of merit was filed after the 30th (albeit clearly untimely) and the petition to strike or open was properly denied. *See Nagy v. Best Home Services, Inc.*, 829 A.2d 1166 (Pa.Super.2003) (term filing is not equivalent of either prothonotary's time-stamping of document or recording of receipt on docket; rather, documents mailed to prothonotary or other office are deemed filed when received by appropriate officer). The trial judge did not reach this issue because he determined that it did not matter when the praecipe for *non pros* was filed since he held no late certificate of merit could have effect. As noted, we disagree with that conclusion. Since this may be a factual issue, we remand for this determination.

¶ 8 We do note, however, the following record information which may explain some of the filing discrepancies: the prothonotary apparently requested that defendants file an affidavit of addresses, listing the proper addresses of plaintiffs to ensure that they were given notice of the praecipe. The defendants included this affidavit and filed it with the court on November 12. It appears that the prothonotary was under the impression that Rule

237.1 notice was a requirement prior to entry of a *non pros* under Rule 1042.6 for failing to file a timely certificate of merit or motion for extension. However, the prothonotary was incorrect. The note to Rule 1942.6 specifically states that "Rule 237.1 does not apply to a judgment of *non pros* entered under this rule." *See also Helfrick*, 65 Pa. D. & C.4th at 424. Moreover, the actual certificate of merit was not filed until November 13—*after* the affidavit of addresses (allegedly ensuring notice). Finally, the court did not enter the *non pros* until days later on November 17, 2003.

¶ 9 We disagree with Moore's claim that the trial court erred in refusing to open the judgment. Moore claims that because the Rule of Civil Procedure was less than two weeks old, and the legal malpractice was clear on its face and no expert witness was needed, he reasonably believed that no certificate of merit needed to be filed. This would not support opening a judgment. The Rule is plain on its face, and an attorney is charged with knowledge of the law. Neither lack of knowledge of the law nor other negligence on the part of an attorney provides a "reasonable explanation or a legitimate excuse" for failing to timely file either a certificate of merit or a petition for extension of time. *See Hoover, supra* (Appellant's purported explanation that he was unaware of new rule of civil procedure requiring certificates of merit or that he did not understand rule was not a just cause for the untimely filing); *see also Koken v. Lederman*, 840 A.2d 446 (Pa. Cmwlth.2003) (where plaintiffs averred they could not obtain a certificate of merit because required documents were seized, court did not consider explanation reasonable as plaintiffs did not specify which documents were needed to obtain certificate or how they attempted to obtain documents).

¶ 10 We end this discussion with a well-articulated precept from Judge Wettick:

> Plaintiff's petition does not set forth a reasonable explanation or legitimate excuse for the inactivity (the inactivity being the failure of plaintiff's counsel to file within the 60–day period a certificate of merit or a motion to extend the time for filing the certificate). This will be so in almost every case in which a judgment of non pros is entered for failure to file a certificate of merit. The plaintiff who has a reasonable explanation or legitimate excuse for not being able to timely file a certificate of merit may, instead, file a motion to extend the time for filing the certificate on or before the filing date that the plaintiff seeks to extend. The filing of the motion to extend tolls the time period within which a certificate of merit must be filed until the court rules on the motion. Consequently, an explanation for the inactivity requires an explanation as to why the plaintiff did not within the 60–day period file a motion to extend the time for filing the certificate of merit.

*Helfrick*, 65 Pa. D. & C.4th at 423.

■ ¶ 11 Judgment reversed; matter remanded for a hearing in accordance with the dictates of this Opinion. Jurisdiction relinquished.[3]

---

**3.** We also note that if the statute of limitations has not expired, plaintiff is able to refile his claim. *See Helfrick*, 65 Pa. D & C.4th at 428.

A *non pros* against a plaintiff is not *res judicata*, and therefore, does not bar the plaintiff from commencing another action based upon

the same cause of action within the applicable statute of limitations period. *Id.* (*citing* 3

Goodrich–Amran 2d § 1037(a):7).