**Salamoni v. Karoly**

C.P. of Lehigh County, no. 2003-C-3208.

*Gary Neil Asteak,* for plaintiff.
*Lewis L. Thompson Jr.,* for defendant Karoly.
*Michael P. Gough,* pro se.

BLACK, *J.,* August 22, 2005—This is a professional negligence case against two attorneys at law. The plaintiff alleges that the defendants failed to file a personal injury claim on his behalf within the limitations period, and that, as a result, his claim was dismissed. The clerk of courts entered judgments of non pros in favor of both defendants based on their praecipes stating that the plaintiff had failed to file a timely certificate of merit in support of his claim. The plaintiff has petitioned to open and/or strike off the judgments of non pros. For the reasons discussed below, we have concluded that the judgments of non pros must be stricken.

## FACTUAL BACKGROUND

The facts alleged in the complaint are as follows: On or about June 21, 1999, the plaintiff was struck by an automobile driven by Christopher Carl Phillips. As a result of the accident, the plaintiff suffered personal injuries. On or about August 5, 1999, the plaintiff entered into a contract for legal services with the defendant John Karoly, in which Karoly undertook to represent the plaintiff as his legal counsel to seek a recovery for his injuries in the accident. The contract provided that Karoly "may, in his discretion and at his own expense, employ associate counsel if he considers it necessary to the proper prosecution of the claim." Pursuant to this authority, Karoly employed the defendant Gough as associate counsel to work on the plaintiff's case.

On or about June 20, 2001, Karoly Law Offices P.C., through Gough, filed a praecipe for issuance of writ of summons on behalf of the plaintiff against Mr. Phillips and his mother, Susan Phillips, in the court of Common Pleas of Lehigh County, Pennsylvania. A writ of summons was issued on or about June 20, 2001. However, the writ expired on July 20, 2001, without having been served because Karoly and Gough failed to deliver the writ to the sheriff's office for service.

The two-year statute of limitations for personal injury actions expired on June 21, 2001. Thereafter, Gough reinstated the writ, arranged for it to be served, and eventually filed and served a complaint against Mr. and Mrs. Phillips. In their answer to the complaint, Mr. and Mrs. Phillips raised the affirmative defense of the statute of limitations.

On April 17, 2003, Mr. and Mrs. Phillips filed a motion for summary judgment based upon the expiration of the statute of limitations. On June 9, 2003, this court granted the motion and entered summary judgment against the plaintiff in the underlying action.

On June 24, 2004, the plaintiff filed the instant action against Karoly and Gough for professional legal malpractice for their failure to timely file and execute service of a summons or complaint against Mr. and Mrs. Phillips. A certificate of merit was filed as to both defendants on June 6, 2005. The certificate of merit states the following:

"Certificate of merit as to John P. Karoly Jr., Esquire, and Michael P. Gough, Esquire.

"I, Gary Neil Asteak, Esquire, certify that:

"An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the above-named defendants in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm to the plaintiff. . . ."

On June 13, 2005, a week *after* the certificate of merit was filed, Karoly filed with the clerk of courts a praecipe for entry of judgment of non pros on the ground that the plaintiff had failed to file a timely certificate of merit. Shortly afterwards Gough filed a praecipe for entry of judgment of non pros for the same reason. Based on these praecipes, the clerk of courts entered judgments of non pros in favor of both defendants against the plaintiff.

The plaintiff responded to the judgments by filing a petition to open and/or strike off the judgments of non pros on June 21, 2005. This petition is presently before the court for adjudication.

## DISCUSSION

The requirement of a certificate of merit in a professional malpractice action is governed by Pennsylvania Rule of Civil Procedure 1042.3. This rule states, in pertinent part, the following:

"(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plain-

tiff if not represented, shall file with the complaint or within 60 days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

"(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or . . .

"(b) A separate certificate of merit shall be filed as to each licensed professional liability against whom a claim is asserted. . . ."

The defendants have advanced three arguments in support of the entry of judgment against the plaintiff: (1) the filing of the certificate of merit was untimely; (2) the language of the certificate fails to conform to the rule; and (3) a separate certificate was not filed as to each defendant. We find no merit in any of these arguments.

## I. *The Timing of the Certificate of Merit*

Pa.R.C.P. 1042.3(a) provides that a certificate of merit shall be filed with the complaint or within 60 days thereafter. However, Pa.R.C.P. 1042.6 states that "the prothonotary may not enter judgment if the certificate of merit has been filed prior to the filing of the praecipe . . ." for judgment of non pros. Therefore, the prothonotary or clerk of courts[1] is not authorized to enter a judgment of

---

1. In Lehigh County the prothonotary is designated as the clerk of courts.

non pros if a certificate of merit has been filed anytime prior to the filing of a praecipe for judgment of non pros. *Moore v. Luchsinger,* 862 A.2d 631 (Pa. Super. 2004) (judgment of non pros may not be entered when a certificate of merit is filed outside the 60-day time limitation, but before the praecipe for judgment of non pros).

In the present case, the certificate of merit was filed after the expiration of 60 days from the filing of the complaint. However, the certificate was filed seven days before Karoly filed a praecipe for judgment of non pros and 16 days before Gough filed his praecipe for judgment of non pros. Accordingly, the clerk of courts was without authority to enter the judgments of non pros on the ground that the certificate of merit was not timely submitted.

## II. *The Language of the Certificate of Merit*

The defendants next contend that the plaintiff's certificate of merit fails to comply with Pa.R.C.P. 1042.3(a)(1) because it does not employ the precise language of this rule. The rule states that the certificate must aver the existence of a written statement that there exists "a reasonable probability" that the care, skill or knowledge exercised or exhibited by the defendants fell outside acceptable professional standards; whereas the certificate filed by the plaintiff in this case recites that the written statement supplied avers that "there is a basis to conclude" that the care, skill or knowledge exercised or exhibited by the defendants fell below acceptable professional standards. The defendants argue that this is a material difference that justified the action of the clerk of

courts in entering the judgments of non pros even if the certificate was timely filed. We disagree.

Pa.R.C.P. 1042.8 specifies the form for a certificate of merit. This rule uses the very phrase "there is a basis to conclude" that the defendants have objected to here. The certificate of merit filed by the plaintiff in this case uses the identical language and format prescribed by this rule. For this reason, we cannot find that the language of the certificate was improper.

There is a second reason why the form of the certificate was not a proper basis for the clerk to enter judgment. The clerk is not authorized under Pa.R.C.P. 1042.3 to enter a judgment where a certificate of merit has been filed that is allegedly not in proper form. If no certificate of merit has been filed and more than 60 days have elapsed since the filing of the complaint, the clerk can determine this from the record. The entry of a judgment of non pros in such a case, upon the defendant's praecipe, is a ministerial act within the scope of the clerk's authority. However, where a certificate of merit has been filed and the defendant claims that it is not in proper legal form, this requires a judicial decision. The entry of judgment in the latter situation is not a ministerial act to be carried out by the clerk, but a decision to be made by the court. The proper procedure for the defendants to challenge the form of the certificate would have been for them to present to the court a motion to strike the certificate.

In this case, the defendants alleged in their praecipes, as the sole basis for the entry of judgment, that no certificate of merit had been filed within the time required

by Pa.R.C.P. 1042.3. As we have seen above, this was not a valid basis for entering the judgments. The clerk was without authority to enter a judgment of non pros under Pa.R.C.P. 1042.3 on any other basis. For this reason, also, the judgments must be stricken.

### III. *Single Certificate of Merit for Both Defendants*

The plaintiff filed a single certificate of merit covering both defendants. The defendants assert this certificate of merit is procedurally deficient since Pa.R.C.P. 1042.3(b) requires a separate certificate of merit to be filed for each defendant. Because of this deficiency, the defendants argue that the clerk of courts properly entered judgments of non pros against the plaintiff. Again, we disagree.

First, as discussed above, the clerk of courts has only limited authority to enter a judgment of non pros under Rule 1042.3, *i.e.,* where, at the time of the praecipe for judgment, no certificate of merit has been filed and more than 60 days have elapsed since the filing of the complaint. In this case there was a certificate of merit on file naming both defendants as the responsible parties. It was not the clerk's function to evaluate the sufficiency of this certificate. The clerk was without authority to enter a judgment of non pros under these circumstances.

Second, where both parties are jointly responsible for the same negligent act or omission, a single certificate of merit that names both defendants should suffice. Karoly and Gough were both responsible for seeing that suit was timely commenced on behalf of the

plaintiff. The plaintiff hired Karoly to pursue his personal injury claim, and the engagement contract authorized Karoly to utilize the services of other attorneys to assist in the prosecution of the claim. Karoly exercised this right by utilizing Gough, one of the attorneys in his law office. Under the facts alleged, Karoly and Gough were both responsible to the plaintiff for the timely filing of suit. If they allowed the statute of limitations to expire, both would be liable for the same negligent omission.

The purpose of Pa.R.C.P. 1042.3(b) is to assure that the plaintiff has a reasonable basis for pursuing a claim against all the defendants named in the complaint. Where several defendants acting together are responsible for the same negligent act or omission, a single certificate of merit naming both or all defendants fulfills this purpose. Pa.R.C.P. 126 requires that

"The rules . . . be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

In accordance with this rule, even if use of a single certificate of merit naming both defendants was in error, the purpose behind Rule 1042.3(b) was met and the substantial rights of the parties are not harmed. Hence, the fact that one piece of paper was used rather than two should be disregarded.

For all the above reasons, the judgments of non pros must be stricken.

## ORDER

Now, August 22, 2005, upon consideration of the plaintiff's petition to open and/or strike off judgment of non pros and the defendants' answers thereto, after review of the parties' briefs and oral argument, for the reasons stated in the accompanying opinion, it is ordered that the petition is granted and the judgments of non pros entered in favor of the defendants are hereby stricken.