OPINION
PER CURIAM.
Edward Donnelly, proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint alleging legal malpractice and other claims against his workers compensation attorneys. We will affirm.
Donnelly filed a complaint, which he amended, against the law firm of *348 O’Malley & Langan, P.C., and its attorneys (collectively referred to as the “O’Malley defendants”), who represented him on a workers compensation claim that was settled on July 12, 2007. Donnelly alleged that the O’Malley defendants failed to investigate his workers compensation claim before negotiating a settlement. Against his express directive, counsel also disclosed his letter of resignation to the employer before settlement. He claimed that the O’Malley defendants improperly obtained and disclosed confidential information about him without his authorization. In August 2007, Donnelly terminated his contract for legal services with the O’Malley defendants, and filed a pro se penalty petition claiming that his employer failed to send him a settlement check in the specified time period. During the pen-dency of the penalty petition proceedings, the employer delivered the check to the O’Malley defendants, who allegedly opened it without Donnelly’s permission and threw away the envelope.[1] Donnelly claimed that the O’Malley defendants deliberately interfered with the penalty proceedings by destroying the envelope, which, according to him, constituted material evidence in his case. He also alleged that when they no longer represented him, the O’Malley defendants obtained a copy of the settlement hearing transcript and improperly discussed his case ex parte with an employment attorney, a workers compensation judge, and the employer’s lawyer. He raised claims of invasion of privacy under state, law,[2] breach of contract, legal malpractice, and violation of his state and federal constitutional rights.
The defendants filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to which Donnelly responded. By order entered on October 2, 2009, the District Court granted the O’Malley defendants’ motion and dismissed the Amended Complaint. The District Court dismissed Donnelly’s breach of contract/legal malpractice claim, holding that he failed to submit a certificate of merit (“COM”), which is required under Rule 1042.3(a) of the Pennsylvania Rules of Civil Procedure absent a'reasonable explanation or legitimate excuse. See Womer v. Hilliker, 589 Pa. 256, 908 A.2d 269, 278-79 (2006). The court determined that Donnelly provided no reasonable explanation for failing to file a COM, and his promise to produce a legal expert in the future did not comply with the rule.
Next, the District Court held that Don-nelly failed to state an invasion of privacy claim under Pennsylvania law. See Vogel v. W.T. Grant Co., 458 Pa. 124, 827 A.2d 133, 135-36 (1974) (adopting Sections 652B through 652E of the Restatement (Second) of Torts). The District Court rejected as meritless Donnelly’s claim that the O’Malley defendants invaded his privacy by obtaining information about him from the Department of Labor & Industry, which was needed in order to repre *349 sent him in workers compensation proceedings, and by procuring the transcript of the workers compensation hearing, a .matter of public record. As for his claim of ex parte communications between the O’Malley defendants (whose services had been terminated) and an employment attorney, a workers compensation judge, and the employer’s lawyer, the District Court held that Donnelly’s “naked assertions” were insufficient to show that any private facts had been disseminated to the public or that he was placed in a false light as a result of such communications.
Treating Donnelly’s federal constitutional claim as one brought pursuant to 42 U.S.C. § 1983, the District Court held that he failed to show that the O’Malley defendants, private attorneys practicing in a private law firm, acted “under color of state law.” See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (a private party is a “state actor” for § 1983 purposes only where “he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State”). The District Court likewise dismissed Donnelly’s state constitutional claim as a matter of law against the O’Malley defendants, noting that the provisions of Article 1, § 1 of the Pennsylvania Constitution “govern only the actions of the state government.” See Dillon v. Homeowner’s Select, 957 A.2d 772, 776 (Pa.Super.Ct.2008). Donnelly filed this timely appeal.
We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court’s dismissal for failure to state a claim upon which relief may be granted is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to “state a claim to relief that is plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility standard “asks for more than a sheer possibility that a defendant has acted unlawfully.” See Ashcroft v. Iqbal, — U.S.—,—, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Well-pleaded factual content is accepted as true for purposes of determining whether the complaint states a plausible claim for relief. Id. at 1950. The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to “[tjhreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.” Id. at 1949. “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Id.
We conclude that the District Court applied the appropriate standard for dismissal pursuant to Rule 12(b)(6) and properly dismissed Donnelly’s Amended Complaint for the reasons stated in its Opinion. Donnelly argues on appeal that no COM was required for his breach of contract and legal malpractice claims against the O’Malley defendants because these claims do not call for expert testimony to explain their lapses in judgment or failures in performance. He asserts that his allegations are easy for an ordinary person to understand. For instance, he asserts that the O’Malley defendants gave him employment advice, which is outside their realm of expertise. (Informal Br. at 5.) Regardless of how he chooses to characterize his claim, however, Donnelly’s allegations pertain to the quality of the O’Malley defendants’ professional representation of him, and thus a COM is required. See Gorski v. Smith, 812 A.2d 683, 694 (Pa.Super.Ct.2002) (stating that in *350 cases where there is an attorney/client agreement for legal services, “there automatically arises a contractual duty on the part of the attorney to render those legal services in a manner that comports with the profession at large”); Pa. R. Civ. P. 1042.3 (a COM is required in “any action” against an attorney that calls into question whether counsel “deviated from an acceptable professional standard”). Involuntary dismissal under Rule 1042.3 is not a dismissal with prejudice, however. See Moore v. John A. Luchsinger, P.C., 862 A.2d 631, 634 n. 3 (Pa.Super.Ct.2004). Hence, we will affirm the District Court’s order dismissing this claim as modified to be a dismissal without prejudice.
We have thoroughly reviewed the remainder of Donnelly’s arguments on appeal and we conclude that they are merit-less.[3]
Accordingly, we will affirm the judgment of the District Court, modified as a dismissal without prejudice as to the legal malpractice claim. The appellees’ motion to dismiss/quash the appeal is denied.

. Apparently, Donnelly moved from the homeless shelter where he had been residing around the time his settlement check was due. Donnelly also complains that the O'Malley defendants sent, the check to him by certified mail instead of by regular first class mail.

. To the extent that Donnelly claimed that his privacy was invaded under the Freedom of Information Act (“FOIA"), 5 U.S.C. § 552, we agree with the District Court that the FOIA applies only to the release of government records by the federal government, and, thus, Donnelly’s claim fails as a matter of law. Donnelly also has no meritorious claim under the Privacy Act, 5 U.S.C. § 552a, which protects individuals from the misuse of identifying information contained in computer information systems that are maintained by federal agencies. See Thomas v. United States Dep’t of Energy, 719 F.2d 342, 345 (10th Cir.1983).

. We see no need to remand the matter for amendment of .the Complaint regarding Don-nelly's privacy and § 1983 claims because amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, no additional allegations would cure the defects in the Complaint regarding the state action requirement under § 1983. Moreover, Donnelly relies on pure conjecture on appeal (see Informal Br. at 12 & 23-24), and there is nothing in this record indicating that he could have amended his Complaint to state a viable invasion of privacy claim.