**Norman v. Hospital of the Univ. of Pa.**

*Pro Se,* for plaintiff.
*Samantha Conway* and *James Young* for defendant.

ALEJANDRO, *J.*, January 24, 2013—

## INTRODUCTION[1]

---

1. Plaintiff filed two appeals identified on the Superior Court docket as 2039 EDA 2012 and 2040 EDA 2012. The appellate court records indicate that these appeals are related cases due to "similar issues." The court of common pleas official record (docket) reveals that on July 13, 2012, plaintiff appealed an order dated July 2, 2012, and docketed on July 10, 2012. On July 14, 2012, a second notice of appeal from the same July 2, 2012 order was filed.

This medical malpractice action was dismissed on procedural grounds. The following narrative is a brief summary of the salient procedural history obtained from the official records of the lower and appellate court (dockets):

On November 12, 2010, Nellie M. Norman (pro se plaintiff) filed a writ of summons against the Hospital of the University of Pennsylvania (defendant HUP), Jennifer Tobey, M.D., and Brian Czerniecki, M.D. (collectively, defendants). On April 15, 2011,[2] plaintiff filed a complaint against defendants (without certificates of merit) claiming a breach of the standard of care in failing to properly locate and mark cancerous masses prior to her breast surgery. In her complaint, plaintiff asserts counts of medical negligence as well as "ordinary negligence" arising from her November 14, 2008, admission and surgery. Plaintiff describes the ordinary negligence as defendants' failure to remove all the cancerous cells during the first surgery. Specifically, in her complaint, plaintiff averred that a cytology report revealed the presence of a two-centimeter adenocarcinoma in her left breast;[3] and that in a preoperative procedure, defendant Tobey failed to properly "wire-mark" the location of the two masses that

2. On April 15, 2011, a corrective entry was made on the docket which reads: "prothonotary corrective entry: please note that the docket entry of 3/28/11 of plaintiff's complaint filed was entered and accepted in error the only documents attached to the PDF file were the cover sheet, and plaintiff's wherefore clause there was no complaint attached."

3. Plaintiff's civil action complaint, ¶ 21.

were to be excised.[4] Plaintiff further averred that defendant Czerniecki performed the surgery on November 14, 2008, at defendant HUP and did not excise the cancerous auxiliary lymph node (adenocarcinoma). Instead, plaintiff contends that he removed a "clump" of normal, noncancerous left breast lymph node tissue.[5] As a result, on January 15, 2009, plaintiff underwent a second surgical procedure, performed by defendant Czerniecki, to remove the remaining cancerous tissue in her left breast.[6]

On June 8, 2011, plaintiff filed a motion to extend the time to file certificates of merit.[7,8] defendants did not oppose the motion and by order dated July 7, 2011, the honorable Allan L. Tereshko granted plaintiff's motion. Accordingly, the certificates of merit became due by August 15, 2011.

On August 17, 2011, defendants filed notice of intent to enter judgment of non pros for failure to file certificates of merit in support of plaintiff's allegations.

On September 7, 2011, plaintiff filed a second *motion to extend time* to file certificates of merit.[9] In their response filed on September 26, 2011, defendants opposed the motion on the basis of untimeliness and lack of merit.

---

4. *Id.*, ¶25.
5. *Id.*, ¶¶ 27,28.
6. *Id.*, ¶ 27.
7. The motion was filed under Control No. 11061217.
8. Pursuant to Pennsylvania Rule of Civil Procedure (Pa. R.C.P.) 1042.3, a plaintiff must file either with the complaint or within sixty (60) days after filing the complaint, a certificate of merit.
9. The motion was filed under Control No. 11090633.

In the interim, on September 23, 2011, plaintiff filed a certificate of merit against each defendant essentially asserting that expert witnesses were not necessary since her claims were of "ordinary negligence" *only*.

On September 29, 2011, plaintiff filed her first appeal to the Superior Court challenging an order issued by Judge Tereshko dated September 20, 2011, which denied a discovery motion to strike defendants' objection to disclose certain requested documents.[10] This appeal was subsequently quashed on February 3, 2012, by the appellate court at 2774 and 2795 EDA 2011.[11]

By order dated September 30, 2011, Judge Tereshko denied plaintiff's second motion to extend time to file the certificates of merit.

This matter was marked deferred from October 27, 2011, until May 25, 2012, pending plaintiff's appeal. Once the appeal was quashed, the matter was returned to active status.

On June 6, 2012, a revised case management order was issued designating deadlines for significant events. On that same date, defendants filed a *motion to strike* plaintiff's certificates of merit.[12] Said motion was granted by this

---

10. The appeal was sua sponte quashed on February 3, 2012 at Superior Court Docket No. 2795 EDA 2011.

11. On July 9, 2012, the Supreme Court at 56 EM 2012 denied plaintiff's *petition for review*.

12. The motion was filed under Control No. 12060918.

motion judge by order dated July 2, 2012.[13]

On July 11, 2012, defendants Tobey and Czerniecki filed their praecipe for entry of non pros based upon plaintiff's failure to file certificates of merit against them within the time period required by Pa. R.C.P. 1042.3.

On July 12, 2012, defendant HUP filed a *motion to strike* the certificate of merit plaintiff filed against it.[14]

On July 13, 2012, plaintiff filed another certificate of merit against defendant HUP *only*; and two appeals to the Superior Court challenging the July 2, 2012 order; appeals identified as Superior Court Docket Numbers 2039 and 2040 EDA 2012.

On July 21, 2012, plaintiff filed a motion for reconsideration of the order of July 2, 2011, which struck the certificates of merit.[15] The motion to reconsider was denied on July 31, 2012.

On July 23, 2012, plaintiff, relying on Pa. R.C.P. 1042.3(a)(3), filed a *petition to open, vacate, or strike* defendants' entry of judgment of non pros arguing again that the averments in her medical malpractice complaint were of "ordinary negligence" and did not necessitate expert testimony.[16] Plaintiff's petition was denied by order dated August 17, 2012.

---

13. This order was docketed on July 10, 2012.
14. The motion was docketed under Control No. 12071467.
15. This motion was docketed under Control No. 12072769.
16. This motion was docketed under Control No. 12072872.

In the interim, by order dated August 9, 2012, the undersigned motion judge granted defendant HUP's motion to strike the certificate of merit plaintiff filed on July 2, 2012, against it, and entered an order of judgment of non pros as to all claims against defendant HUP.

On August 23, 2012, plaintiff filed another appeal to the Superior Court challenging the order of August 9, 2012; appeal identified as 2569 EDA 2012.

On September 23, 2012, plaintiff filed another appeal challenging the order of August 17, 2012; appeal identified as 2819 EDA 2012.

By order of the Superior Court dated September 17, 2012, plaintiff's appeal designated as 2040 EDA 2012 was dismissed for failure to comply with Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.) 3517, requiring the filing of a docketing statement. Subsequently, appeals identified at 2039 and 2569 EDA 2012 were dismissed by per curiam decision; to *wit*:

These appeals have been taken from the July 2, 2012 order granting the defendants' motion to strike the plaintiff's certificates of merit and the August 9, 2012 order granting the motion of the University of Pennsylvania to strike certificate of merit and entering a judgment of non pros. *See Pa.R.A.P.* 3051(a) (relief from judgment of non pros shall be sought by petition; *see also Sahutsky v. H.H. Knoebel & Sons*, 566 Pa. 593, 782 A.2d 996 (2001) (failure to file petition to

open non pros operates as waiver of any claims of error concerning the judgment); *Madrid v. Alpine Mountain Corp.*, 24 A.3d 380 (Pa. Super. 2001) (any appeal related to judgment of non pros lies not from judgment itself, but from denial of petition to open or strike; failure to file timely or rule-compliant petition to open or strike operates as waiver of any right to address issues concerning the underlying judgment of non pros); *Krell v. Silver*, 817 A.2d 1097 (Pa. Super. 2003) (failure to file petition to open/strike judgment of non pros resulted in waiver of all claims on appeal).

Accordingly, the appeals at Nos. 2039 and 2569 EDA 2012, are hereby dismissed.[17]

## ISSUES

In response to an order issued in accordance with Pa. R.A.P. 1925(b), plaintiff on October 19, 2012, filed off record and served unto this motion judge a statement of errors complained of on appeal. Her complete statement of errors was scanned and herein inserted:

(1) The Court of Common Pleas erroneously misapplied Pa.R.C.P. 1042.3 (a) & (d), as well as 1042.7(a) (2) (See note) when it granted defendant's motion to strike petitioner's certificates of merit, thereby abusing its discretion, inasmuch as petitioner's certificates of merit were filed prior to defendant's filing any praecipe

_____

17. Per curiam, nos. 2039, 2569 EDA 2012, filed on November 19, 2012.

to enter judgement of non pros in favor of defendant-Hospital of University of Pennsylvania, and *prior to* the Court's August 9, 2012 order granting defendant's motion to strike petitioner's July 1, 2012 certificate of merit and *prior to* the Court's August 9, 2012 order granting defendant-hospital's judgment of non pros as to "all claims". Said order is inconsistent with Pa.R.C.P. 1042.3. 1042.6 and 1042.7.

(2) The Court of Common Pleas erred in issuing its August 9, 2012 order, granting defendant's motion to strike petitioner's certificates of merit, since the language set forth in petitioner's certificates of merit as to the obvious ordinary negligence alleged in averment nos. 2, 3. 4. and counts two, four, six and seven of petitioner's complaint-civil action-negligence as against defendant-hospital of University of Pennsylvania and petitioner's July 13, 2012 certificate of merit as to professional liability and medical negligence meet the requirements of the provisions of 1042.3 and Rule 126 (as it relates to the doctrine of substantial compliance). Moreover, said certificates are in accordance with the court's ruling in *Kennedy v. Butler*, 901 A.2d 1042 (Pa. Super. 2006) and *Worner v. Hilliker*,

(3) The court erred in granting defendants' motion to strike petitioner's certificates by ruling inconsistently with existing Pennsylvania legal authority, since, in accordance with the court's ruling in *Grossman v. Barke*,

2005 Pa. Super. 45; 888 A.2d 561; 2005 Pa.Super. Lexi 100 (2005), *Rostock v. Anzalone*, 2006 Pa.Super. 191; 904 A.2d 943 and *Mitzelfelt v. Karmin*, 526 Pa. 54, 62,, 584 A.2d 888, 891 (1990) and pursuant to Pa.R.C.P. 1020. a licensed professional's conduct can constitute obvious ordinary negligence (e.g., res ipsa loquitur, vicarious liability in handling medical reports, etc.), where such negligent conduct is sufficiently averred as such, based upon the language set forth in both petitioner's complaint and certificates, and where the language set forth in both petitioner's certificates, as well as petitioner's complaint, clearly meet the requirements of said rules and existing case law.

589 Pa. 256, 908 A.2d 269 (2206), thereby rendering said order inconsistent with said Pennsylvania legal authorities, and therefore, constituting an abuse of discretion, based on the court's ruling in *Thomas Jefferson University*.

(4) The court erred, and abused its discretion when it ruled inconsistently with court's rulings in *Grossman v. Barke*, 2005 Pa. Super. 45; 888 A.2d 561; 2005 Pa.Super. LEXIS 100 (2005); *Gondek v. Bio-Medical*, 2007 Pa. Super. 57; 919 A.2d 283 (2007); *Rostock v. Anzalone*, 2006 Pa.Super. 191; 904 A.2d 943; *Hightower-Warren v. Silk, M.D.*, 548 Pa. 459,453 n.1(1997); *Jones v. Harrisburg Polyclinic Hosp.*, 496 Pa. 465, 437 A.2d 1134 (1981); *Smith v. Friends Hospital*, 2007 Pa. Super.188;

928 A.2d 1072 (2007) and *Mitzelfelt v. Karmin*, 526 Pa. 54, 62, 584 A.2d 888, 891 (1990) and failed to rule consistent with Pa.R.C.P. 1020 and 1042.3, by granting defendant's motion to strike petitioner's certificates of merit, since in accordance with the aforesaid legal authorities, said certificates may he filed for claims of ordinary negligence liability with regard to the obvious ordinary negligence and *respondiat superior* and vicarious liability averments nos. 2, 3., and 4. and counts two, four, six and seven of petitioner's complaint, while other of petitioner's certificates of merit are filed for the claims of professional negligence liability, with regard to the professional negligence averments of petitioner's complaint, because defendants had been adequately placed on notice of the nature of each of the claims, and the nature of the case which must be defended.

(5) The court erred and abused its discretion when it granted defendants' motion to strike petitioner's certificates of merit, as to the obvious ordinary negligent conduct of defendants and/or their support staff, since said certificates are valid, were timely filed, and were filed prior to defendants' August 9, 2012 entry of judgment of non pros.

(6) The court erred, and abused its discretion, in granting its order in favor of defendants motion to strike petitioner's valid certificates of merit, as to

obvious ordinary negligence, as against defendants, where, in accordance with *Moore v. Luchsinger*, 862 A.2d 631 (Pa.Super. 2004), and as required by Rule 1042.7 (a) (2) (See note), said certificates were duly and properly filed and docketed by petitioner *prior* to entry of defendant's judgment of non pros.

(7) The court erred and abused its discretion when it entered a judgement of non pros against petitioner and in favor of defendants *after* petitioner had timely filed her certificates of merit since the entry of said judgment is inconsistent with rules 1042.7(a) (2) and the court's ruling in *Moore v. Luchsinger*, 862 A.2d 631 (Pa. Super. 2004) and *Whitsel v. Commonwealth*, department of traansportation, PICS case no. 05-1909 (C.P. Dauphin Oct 26, 2005) (Kleinfelter J.).

(8) The court erred in determining that defendants could not be held liable for that conduct which constitutes obvious ordinary negligence under averment nos. 2., 3., 4., and counts two, four, six and seven of petitioner's complaint, as to certain of petitioner's claims (e.g., res ipsa loquitur, vicarious liability claims for an employee's negligent failure to identify the location of a hazardous and harmful item which is expected to be removed), while also being held liable for their negligent conduct in other claims (e.g., corporate negligence claims for failure to adequately train and/or supervise their subordinate employees or staff members), which

constitutes professional or medical negligence under other counts of petitioner's complaint.

(9) The court erred and abused its discretion when it granted defendants' motion to strike petitioner's certificates of merit as to defendants obvious ordinary negligence, and ruled inconsistently with existing Pennsylvania legal authority, since petitioner's certificates meet all legal requirements and were duly filed and docketed *prior to* defendant's entry of judgment of non pros, in compliance with 1042.3.1042.6 and 1042.7(a)(2) (see note), and in accordance with *Moore v. Luchsinger*, 862 A.2d 631 (Pa. Super. 2004) and *Whrisel v. Commonwealth, Department of Transportation*, PICS Case No. 05-1909 (C.P. Dauphin Oct. 26, 2005) (Kleinfelter J.).

(10) The lower court erred and abused its discretion when it granted defendants an order striking petitioner's timely filed valid certificates of merit, thereby enabling defendants to wrongfully secure a judgment of non pros by circumventing the requirements of Rules 1042.3, 1042.7(a) (2) (See note), *Grossman*, as well as by undermining the intent of the well-established purpose of such requirements, (as opined in *Newell v. Ruiz*, 286 F.3d 166 (2002), where the court made it quite clear that rules regarding certificates of merit are simply to weed out frivolous claims and are only intended to "bar... frivolous claims"; not to allow defendants to engage in

"gamesmanship" to achieve technical defeat of viable, valid and meritorious claims. See generally, *Newell v. Ruiz*, 286 F.3d 166 (2002)), since said order has clearly been utilized by defendants to effectively abort petitioner's viable, valid and meritorious claims, and to deny petitioner's Fifth and Fourteenth Amendment constitutional substantive and procedural due process rights to present and prosecute her viable, meritorious injury claims before a jury, at trial.

* (11) The court erred and ruled inconsistently with existing Pennsylvania legal authority in determining that there was a "delay" in the filing of petitioner's certificates of merit, since, if there was a delay, said delay was caused by defendants' failing to provide certain information needed to obtain a complete medical expert opinion, as prohibited by the court's ruling in *Newell v. Ruiz*, 286 F.3d 166 (2002)).

(12) The court erred and ruled inconsistently with Rule 1042.6, since the court granted defendant-hospital a judgment of non pros where said defendant had failed to file a notice to intent to enter judgment of non pros, as required pursuant to Rule 1042.6, as to petitioner's *ordinary negligence* claims, thereby failing to place petitioner on notice, when defendant filed "notice of intent to enter judgment of non pros for professional liability claims".

(13) The court erred and ruled inconsistently with

existing Pennsylvania authority when it granted defendants' motion to strike petitioner's certificates of merit, where said certificates were in substantial compliance. Defendants never pleaded a right to strike said certificates, and there is no supporting Pennsylvania legal authority, or precedent, which may allow said certificates, to be so stricken.

In light of the appellate court's order dismissing appeals identified as 2039 and 2569 EDA 2012, this motion judge opines that the appellate issues to be addressed in this opinion are plaintiffs statement of error numbers 8, 10, and 12; to *wit*: plaintiff's contentions that certificates of merits were not necessary, that res ipsa loquitor applies, and that this case is strictly one of ordinary negligence.

## LAW AND DISCUSSION

Although plaintiff is acting pro se, she must still adhere to the established rules of court. Case law has determined that a pro se litigant is not entitled to any particular advantage because (s)he lacks legal training, *Cole v. Czegan*, 722 A.2d 686, 687 (Pa. Super. 1998) (quoting *O'Neill v. Checker Motors Corp.*, 567 A.2d 680, 682 (Pa. Super. 1989); nor is said litigant absolved from complying with procedural rules. *Jones v. Rudenstein*, 585 A.2d 520, 522 (Pa. Super. 1991), appeal denied, 529 Pa. 634, 600 A.2d 954 (1991). Any layperson choosing to represent him/herself in a legal proceeding must, to some reasonable extent, assume the risk that the lack of

expertise and legal training will prove his/her undoing. *Vann v. Commonwealth Unemployment Compensation Bd. of Review*, 508 Pa. 139, 148, 494 A.2d 1081, 1086 (1985) (quoting *Groch v. Unemployment Compensation Bd. of Review*, 472 A.2d 286, 288 (Pa. Cmwlth. 1984)).

## Certificates of merit

Pa. R.C.P. 1042.3(a) essentially provides that in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit, signed by the attorney or the party, that either an appropriate licensed professional has supplied a statement that there exists a reasonable probability that the care . . . that is the subject of the complaint, fell outside the acceptable professional standard and that such conduct was a cause in bringing about the harm, or that expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim. See also, *Warner v. Univ. of Pa. Health Sys.*, 874 A.2d 644, 648 (Pa. Super. 2005). Clearly, this rule applies to medical malpractice actions.

A separate certificate must be filed as to each licensed professional named in the complaint. Pa. R.C.P. 1042.3(b). If a plaintiff fails to file either a certificate of merit within the required time or a request for an extension, a defendant can file a written notice of intention to file a praecipe

for judgment of non pros and serve said notice unto the plaintiff. Pa. R.C.P. 1042.6. The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to timely file a certificate of merit. Pa, R.C.P. 1042.7; *Warner*, supra, 874 A.2d at 648 (Pa. Super. 2005) (citing *Hoover*, supra, 862 A.2d at 593 (Pa. Super. 2004)).

Here, plaintiff certified that:

[T]he expert testimony of an appropriate licensed professional is unnecessary from prosecution of the ordinary negligence claim(s) set forth in plaintiff's complaint as, against this defendant, and all the related underlying claims, pursuant to Pa. R.C.P. 1042.3, in as much as, said claims sound in ordinary negligence and defendant's ordinary negligence is obvious.[18]

Plaintiff insists that defendants' errors are obvious to any lay person in that no one at the hospital identified the location of the tissue to be removed in any of the radiology reports written or timely marked the skin or tissue before surgery, resulting in some cancerous tissue not being excised during the first surgery. Plaintiff further argues that:

[L]ike anything else harmful — the location of which is not specified — which is expected to be removed by

---

18. See memorandum of law in support of defendants, Hospital of the University of Pennsylvania, Jennifer Tobey, M.D., and Brian Czerniecki, M.D.'s motion to strike plaintiff's certificates of merit, Exhibit B.

a different individual in the future, it is quite obvious and foreseeable by *any* reasonable person, that *any* reasonable individual that is uninformed of its location, would probably not be able to successful [sic] remove *any* unidentified item (that is, an item the location of which, is unknown). As such, plaintiffs claims as against defendants, aver medical negligence, corporate negligence, vicarious liability, as well as — in the case scenario just described — ordinary negligence and res ipsa loquitur, with regard to each of these claims, since such error is so obvious, plain and simple for any lay person to understand — with or without medical knowledge, or any expert medical testimony or opinion.[19]

To determine plaintiff's theories of liability, this motion judge examined the averments made in the complaint. *Ditch v. Waynesboro Hospital*, 917 A.2d 317, 321 (Pa. Super. 2007), aff'd, 609 Pa. 464, 17 A.3d 310 (2011). Claims of medical malpractice consist of allegation(s) of either a negligent or unskillful performance by a physician of the duties which are devolved and incumbent upon the physician on account of the relationship with the patient or a want of proper care and skill in the performance of a professional act. *Vazquez v. CHS Prof'l Practice, P.C.*, 39 A.3d 395, 397 (Pa. Super. 2012) (citing *Mutual Ben. Ins.*

---

19. Memorandum of law in support of plaintiff's response to defendants, Hospital of University of Pennsylvania, Jennifer Tobey, M.D. and Brian Czerniecki, M.D.'s motion to strike plaintiff's certificates of merit, at unnumbered p.2.

*Co. v. Haver*, 555 Pa. 534, 725 A.2d 743 (1999); *Hodgson v. Bigelow*, 335 Pa. 497, 7 A.2d 338, 342 (Pa. 1939)). Because medical malpractice is a form of negligence, to state a prima facie cause of action, a plaintiff must demonstrate the elements of negligence: "a duty owed by the physician to the plaintiff/patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and that the damages suffered were a direct result of harm." *Id.* (citing *Hightower-Warren v. Silk*, 548 Pa. 459, 463, 698 A.2d 52, 54 (1997)). With all but the most self-evident medical malpractice actions, there is also the added requirement that the plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation. *Id.* (citing *Hightower-Warren*, supra; *Quinby v. Plumsteadville Family Practice, Inc.*, 589 Pa. 183, 199, 907 A.2d 1061,1070-1071 (2006)).

There is no doubt that plaintiff's complaint raises claims of medical malpractice and breach of the standard of professional care against defendants. For example, in her complaint, plaintiff avers that:

29. At no time did Dr. Jennifer Tobey, Dr. Czerniecki, or defendant-hospital, or its employees, agents, servants, administrators, [sic] representatives or other staff members ever indicate or identify, in any of its reports, medical, MRI, diagnostic, cytology, radiology and/or other medical records, where said cancerous lymph node tissue was located, so as to enable said scheduled

surgical excision, without negligent error in removing, or failing to remove, said cancerous tissue.

30. The diagnostic, radiologic, report-preparing, needle localization and subsequent surgical errors, which caused serious permanent injury to plaintiff, were sentinel events under the MCARE Act, that occurred while plaintiff was under the exclusive control of defendants, for which plaintiff also claims liability against defendants under the doctrine of res ipsa loquitur.

31. Said diagnostic, radiologic report-preparing, needle localization and resulting surgical error of omitting the *location* of plaintiffs left lymph node adenocarcinoma, which caused serious permanent injury to plaintiff was a sentinel event under the MCARE Act, that occurred while plaintiff was under the exclusive control of defendants, and for which plaintiff also claims any and all other liability against defendants.

32. The failure to timely identify the location of said cancerous lymph node tissue to be excised in said medical reports and/or needle localization, failure to specify and/or identify the same in plaintiff's medical records and/or related office notes, and failure to identify and to remove said cancerous tissue during plaintiff's initial November 14, 2008 operation, were events which were under the exclusive control of defendants, for which plaintiff also claims liability,

jointly and severally, under the doctrine and theory of simple and ordinary negligence.[20]

Although the breach of care claimed may be obvious to plaintiff, this motion judge opines that the allegations against defendants are not the "self-evident" type of medical malpractice actions a lay person can completely understand. For instance, the procedure of "wire-marking", "fine needle biopsy aspiration", "needle localization L breast partial mastectomy and axillary dissection" are not terms and/or medical procedures that a lay person would readily comprehend. Without an expert to explain the technicalities of the procedures-the wire marking or the actual aspiration, the risks involved, the alternatives, and the expectations of the surgery-plaintiff cannot prove her case.

## Doctrine of "res ipsa loquitur"

Notwithstanding, plaintiff contends that the doctrine of res ipsa loquitur, which allows the fact-finder to infer from the circumstances surrounding the injury that the harm suffered was caused by the negligence of defendants or agent(s), applies in this case because:

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of

---

20. Plaintiff's civil action complaint, ¶¶ 29-32 (emphasis in original).

plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to plaintiff.

See Restatement (Second) of Torts § 328D.

It is the function of the court to determine whether such an inference may reasonably be drawn by the jury, or whether it must necessarily be drawn. *Vazquez*, supra, 39 A.3d at 398 (citing Restatement (Second) of Torts § 328D(2)). See *Bearfield v. Hauch*, 595 A.2d 1320 (Pa. Super. 1991). However, the application of res ipsa loquitur must be "carefully limited" as the claims of negligence demands a complete understanding of the procedure the doctor is performing and the responsibilities upon him at the moment of injury. *Toogood v. Rogal*, 573 Pa. 245, 261, 824 A.2d 1140, 1149 (2003).

Based on the facts articulated in plaintiff's complaint, this motion judge opines that the doctrine of res ipsa loquitur is inapplicable in this case. While a negligence incident, such as the case of an unsupervised quadriplegic who falls from an examination table is obvious and warrants the imposition of res ipsa loquitur, (*Quinby*, supra), the allegations here are quite different. This motion judge opines that plaintiff's allegations are more akin to the facts of *Toogood*, supra. There, plaintiff sustained a collapsed lung and was unable to breathe immediately following a cortisone injection for back pain. The Supreme Court held

that expert medical testimony was required to assist the jury in evaluating the reasonableness of the physician's decision to place an injection at a particular location. See *Toogood*, 824 A.2d at 1149. The same legal reasoning is applicable to the facts in this case since an issue herein involves the needle localization procedure and the alleged lack of proper markings. When a case, such as this matter, pertains to an action that occurred within the course of a professional relationship and raises questions of medical judgment beyond the realm of common knowledge and experience, the action is subject to the procedural and substantive requirements that governed medical malpractice actions. *Grossman*, supra, 868 A.2d at 570 (Pa. Super 2005). Thus, expert testimony is required.

## Entry of judgment of non pros

Finally, as to plaintiff's contention of error related to the entry of judgment of non pros, and the denial of her a petition to open and/or strike a judgment of non pros, it appears that these issues were dismissed by the Superior Court's order of November 19, 2012. However, to briefly address this issue, appellate action is warranted:

When reviewing a petition to open and/or strike a judgment of non pros pursuant to Pa. R.C.P. 1042.6, our court "may reverse the decision of the trial court only if we find that the trial court abused its discretion in reaching its determination." It is well-established that a motion to strike off a judgment of non pros challenges

only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining."

*Shon v. Karason*, 920 A.2d 1285, 1287 (Pa. Super. 2007), appeal denied, 594 Pa. 705, 936 A.2d 41 (2007) (citing *Ditch*, supra (citations omitted)). That is, a denial of a petition to open and/or strike judgment of non pros is subject to the abuse of discretion standard and will not be reversed on appeal unless there is proof of manifest abuse. *Hoover*, supra, 862 A.2d at 593 (Pa. Super. 2004) (citing *Sklar v. Harleysville Insurance Co.*, 526 Pa. 617, 619-620 587 A.2d 1386, 1387 (1991)).

Plaintiff essentially argues that this motion judge erred when it granted defendants' motion to strike plaintiff's certificates of merit and entered a judgment of non pros, despite having timely filed certificates of merit; and when defendant HUP failed to file a notice of intent to enter judgment of non pros as to her ordinary negligence claims but instead filed a notice of intent to enter judgment of non pros for professional liability claims.

As previously stated, plaintiff filed an appeal on September 29, 2011, challenging Judge Tereshko's order which denied her motion to strike defendants' objections and another appeal on October 6, 2011 challenging the order denying her second motion to extend time to file a certificate of merit. Pending these appeals, this matter was placed on deferred status until shortly after the appellate

court quashed the appeals. Subsequently, defendants filed a *motion to strike* plaintiff's certificates of merit which was granted by order dated July 2, 2012.

On July 11, 2012, defendants Tobey and Czerniecki jointly filed a praecipe for entry of non pros based on plaintiff's failure to file a certificate of merit against each defendant within the time period required by Pa. R.C.P. 1042.3. On the next day, defendant HUP filed a *motion to strike* plaintiff's certificate of merit against it which was granted by order dated August 9, 2012;

Instead of filing a response, on July 13, 2012, plaintiff filed another certificate of merit against defendant HUP only, and an appeal to the Superior Court challenging the July 2, 2012, order, which struck the certificates of merit filed against all defendants. On July 23, 2012, plaintiff filed a *petition to open, vacate, or strike* defendants' entry of judgment of non pros on the grounds that the averments in her medical malpractice complaint were of "ordinary negligence" which did not necessitate filing any certificate of merit, as set forth in Pa. R.C.P. 1042.3. Plaintiff's petition was denied by order dated August 17, 2012, for the reasons stated.

Pa. R.C.P. 1042.6(b) allows the entry of a judgment of non pros as provided by Rule 1042.7(a)[21] without notice if:

---

21. Rule 1042.7 provides that
(a) the prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that:

(1) the court has granted a motion to extend the time to file the certificate and the plaintiff has failed to file it within the extended time, or (2) the court has denied the motion to extend the time. Pa. R.C.P. 1042(b)(1). Here, plaintiff did not timely file the certificates of merit as to any defendant before the expiration of the extension granted nor did she do so before the September 30, 2011, denial of her second motion to extend time to file certificates of merit. Thus, the entry of the judgment of non pros was proper pursuant to the procedural rules.

## CONCLUSION

Based on the foregoing facts, statutory requirements, relevant case law and analysis, this motion judge is of the opinion that no error of law or abuse of discretion was committed in granting defendants' motion to strike plaintiff's certificates of merit and entering judgment non pros against plaintiff. As such, this motion judge respectfully requests that plaintiff's appeals be dismissed.

---

(1) there is no pending motion for determination that the filing of a certificate is not required or no pending timely filed motion seeking to extend the time to file the certificate,

(2) no certificate of merit has been filed,

(3) except has provided by Rule 1042.6(b), the defendant has attached to the praecipe a certificate of service of the notice of intention to enter the judgment of non pros, and

(4) except as provided by Rule 1042.6(b), the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter the judgment of non pros.

Pa. R.C.P. 1042.7(a).