**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2412
_____

RUBEN CUEVAS,
                            Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:09-cv-00043)
Magistrate Judge:  Honorable Lisa Pupo Lenihan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2011
Before:  BARRY, JORDAN and GARTH, Circuit Judges

(Opinion filed: April 6, 2011)

_____

OPINION
_____

PER CURIAM

        Cuevas, a federal prisoner proceeding pro se, appeals from the District Court's

grant of summary judgment.  For the reasons that follow, we will vacate that judgment

and remand for further proceedings consistent with this opinion.

1

# I. FACTS AND PROCEDURAL HISTORY

Cuevas's complaint alleged that, while housed at the Federal Correctional Institution in Loretto, Pennsylvania, he fell and broke his foot in several places. He alleged that his broken bones went undiagnosed for several months while he suffered serious pain and was only minimally treated with pain killers and bandages. Cuevas also alleged that bone graft surgery is needed to properly mend his foot, and that he has not received it. He proceeded *in forma pauperis* on his action, filed pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA").[1]

The parties consented to proceed before a Magistrate Judge, and the Government moved for summary judgment, arguing that Cuevas had failed to obtain expert testimony to support his claim. Cuevas filed a letter shortly thereafter in which he informed the court that he did not receive a copy of the Government's motion and requested that counsel be appointed to represent him. In support of his request, Cuevas averred that he was unable to understand the English language or the operation of the American legal system.

---

[1] Cuevas, who was housed at the Federal Medical Center at Devens, Massachusetts at the time he filed his complaint, initially filed in the District of Massachusetts. Although Cuevas did not explicitly raise an action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the District of Massachusetts dismissed sua sponte any such claims implied in his complaint pursuant to its authority under 28 U.S.C. § 1915A. Bivens claims do not lie against the federal government or federal agencies generally. See F.D.I.C. v. Meyer, 510 U.S. 471, 486, 486 n.11 (1994). In any event, Cuevas's claims sound in negligence and not the deliberate indifference required to maintain a Bivens action alleging violations of his Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 106 (1976) . Later, on the Government's motion, the

On October 21, 2009, the Magistrate Judge ruled on Cuevas's request for counsel. The relevant order, entered on the District Court docket, stated in its entirety:

> Regarding [Cuevas's] request for counsel, unfortunately there are few lawyers, if any, willing to take these cases on a pro bono basis so the court is unable to obtain counsel for plaintiff at this time. He will, however, be provided with deference as a pro se litigant and his pleadings will be liberally construed.

After this denial, Cuevas filed a brief in opposition to summary judgment in which he argued that expert testimony was unnecessary. The Magistrate Judge held that because Cuevas failed to proffer a Certificate of Merit ("COM") as required by Pa. R. Civ. Pro. 1042.3, applicable pursuant to the FTCA and 28 U.S.C. § 1346(b), no genuine issue of material fact remained. She granted the Government's motion for summary judgment, and Cuevas appealed.

## II. DISCUSSION

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Cuevas's claim proceeded pursuant to the FTCA, the United States may only be liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Here Pennsylvania's law governs the United States' liability.

Cuevas argues that the Magistrate Judge's denial of his motion for appointment of counsel was error. We review the denial of a request for counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). "[W]here the district court has

District Court transferred the matter to the Western District of Pennsylvania.

failed to provide reasons for its decision to deny an indigent civil litigant's request for counsel, the court of appeals in some cases may have to remand, for, without the district court's reasons, the appellate court may not be able to determine whether the district court made a reasoned and informed judgment regarding appointment of counsel." Id.

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). Nonetheless, Congress has granted district courts the authority to "request" appointed counsel for indigent civil litigants. See 28 U.S.C. § 1915(e)(1) ("[t]he court may request an attorney to represent any person unable to afford counsel"). In Tabron, we articulated factors relevant to determine whether to appoint counsel for indigent civil litigants. As a threshold matter, the indigent plaintiff's case must have some arguable merit in fact and law. 6 F.3d at 155. If so, the court should then consider a number of additional factors including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Id. At 155-57.

In the instant case, several of these factors appear to encourage the appointment of counsel. Cuevas is a foreign national, does not speak or read English, and does not understand the U.S. legal system— he has thus far relied upon a "next-friend" to prepare

4

his filings. The procedural issues involved in this case are complex and, by virtue of his need to obtain expert testimony, Cuevas's confinement presents a daunting challenge to the pursuit of his claim. That claim also appears to have at least arguable merit. Cuevas has alleged that prison medical staff failed to properly diagnose his severely broken foot over the course of a four-month period. Although the Government has averred that he was examined during this period, the Government's filings suggest that his long history of poorly controlled diabetes placed Cuevas at a heightened risk for precisely the type of injury he suffered, yet his initial examinations may not have accounted for this increased hazard.

The Magistrate Judge's order denying counsel indicated that due to the paucity of attorneys willing to take on pro bono cases, she was unable to obtain counsel. While we are sensitive to this problem, it cannot be determinative on its own. See id. at 157 (noting the practical constraints on the appointment of counsel in the course of establishing the factors to be considered). Thus, the Magistrate Judge should continue to attempt to obtain counsel for Cuevas, and we will remand for further proceedings.

We have considered the possibility that Cuevas's inability to obtain a COM prior to requesting counsel would have doomed his case even if an attorney had been appointed in response to his motion. Limits on professional malpractice claims to ensure that only meritorious claims may proceed may be substantive laws that must be applied by federal courts in diversity or FTCA actions. See Chamberlain v. Giampapa, 210 F.3d 154, 158-161 (3d Cir. 2000) (concluding that a similar New Jersey "affidavit of merit" requirement

5

constitutes substantive state law which must be applied by federal district courts in diversity actions). Among other provisions, Rule 1042.3 of the Pa. R. Civ. P. requires that plaintiffs file a COM averring that a licensed professional has supplied a statement indicating that there is a reasonable probability that the conduct at issue fell outside acceptable professional standards and caused the harm complained of.

Despite the Rule's direction that COMs be filed within sixty days of filing a malpractice complaint, a plaintiff's failure to file a COM within that period does not immediately end a malpractice claim before a Pennsylvania court. First, plaintiffs may move the court for additional time to file the required COM. Pa. R. Civ. P. 1042.3(b)(2). Even without such extensions, failure to timely file the COM has no automatic effect; only upon a defendant's proper motion may the court take action. Pa. R. Civ. P. 1042.7(a). Even an *untimely* COM can suffice to prevent this entry of judgment if filed *prior* to defendant's motion. Pa. R. Civ. P. 1042.7(a)(2); Moore v. Luchsinger, 862 A.2d 631, 633 (Pa. Super. Ct. 2004). Moreover, judgment may not be entered if there is a pending motion to determine whether the filing of a certificate is required. Pa. R. Civ. P. 1042.7(a)(1). If, upon resolution of such a motion, the court determines that a COM was required, plaintiffs are then afforded an *additional* twenty days to file. Pa. R. Civ. P. 1042.6(c). This period too may be extended. Pa. R. Civ. P. 1042.3(b)(2).

As we have not determined to what extent the Pennsylvania Rules of Civil Procedure regarding malpractice claims constitute substantive law, their applicability remains arguable. We therefore conclude that although there is no dispute that Cuevas

failed to file a COM, whether his claim was foreclosed on that basis at the time he requested counsel has not been settled. Assuming *arguendo* that broader Pennsylvania law governing malpractice actions applies and that the Government's motion for summary judgment sufficed to satisfy its notice requirements, Cuevas's argument that a COM was unneeded tolled the requirement until a judicial ruling that one was needed and, upon the Magistrate Judge's ruling that a COM was required, entitled Cuevas to additional time to file. Pa. R. Civ. P. 1042.6(c). At that time, counsel may have been invaluable. In any event, we leave it to the Magistrate Judge to consider in the first instance whether the COM requirement in the Pennsylvania Rules of Civil Procedure actually represents a point of substantive Pennsylvania law.

## III. CONCLUSION

For the foregoing reasons, we will vacate the judgment and remand the case to the district court for further proceedings consistent with this opinion.

7