**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4385
_____

RUBEN CUEVAS,
                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:09-cv-00043)
Magistrate Judge:  Honorable Lisa Pupo Lenihan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2014

Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: August 4, 2014 )
_____

OPINION
_____

PER CURIAM

      Federal prisoner Ruben Cuevas appeals pro se from the District Court's August

21, 2013 order granting summary judgment in favor of the Government in this Federal

Tort Claims Act ("FTCA") action.  For the reasons that follow, we will affirm.

I.

Cuevas brought this FTCA action alleging medical negligence after he fell and broke his foot while incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. He alleged that the breaks went undiagnosed for several months, and that he had not received the surgery that he believes is necessary to properly mend his foot.

This case was previously before us a few years ago. See Cuevas v. United States, 422 F. App'x 142 (3d Cir. 2011) (per curiam). At that time, the District Court had (1) denied Cuevas's motion for counsel, and (2) granted summary judgment in favor of the Government because he had not filed a Certificate of Merit ("COM") pursuant to Pennsylvania Rule of Civil Procedure 1042.3.[1] We vacated the court's judgment and remanded for further proceedings. We explained that the court's sole basis for denying

---

[1] Rule 1042.3 requires that, in any malpractice action, the plaintiff file a COM stating that

    (1)     an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

    (2)     the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

    (3)     expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a) (notes omitted).

Cuevas's counsel motion — that there were a "paucity of attorneys willing to take on pro bono cases" — could not be determinative on its own, and we instructed the court to "continue to attempt to obtain counsel for Cuevas." Cuevas, 422 F. App'x at 145. We also directed the court to consider in the first instance whether the COM requirement "actually represents a point of substantive Pennsylvania law" (such that it applies to this federal action). Id. at 146.

The day after our decision, the District Court placed the case in "administrative suspense" and directed the District Court Clerk to recruit a lawyer for Cuevas. Over the next several months, the Clerk recruited three attorneys to represent Cuevas. Each attorney declined, and these declinations are memorialized on the District Court's docket by three sealed documents. In September 2011, the District Court ordered the Clerk to reopen the case and cease efforts to find counsel. The court explained that

> [b]ecause of the reasons given for the declinations, which were filed under seal *and will not be delineated here*, and the fact that a reasonable effort has been made to locate counsel to no avail, the Court does not see any utility in continuing in its efforts to find counsel for Plaintiff.

(Supplemental App. at 12 (emphasis added).) In that same order, the court (1) directed the parties to submit briefing on the applicability of the COM requirement, and (2) granted Cuevas an extension of time to file a COM.

In October 2011, we held in Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011), that Pennsylvania's COM requirement is substantive law and must

3

be applied as such by the federal courts.  In light of that decision, the District Court rescinded its directive to submit briefing and gave Cuevas 90 more days to file a COM. Cuevas then submitted a motion in which he argued that the District Court's September 2011 order violated our directive on the counsel issue.  He also requested that he be provided with the sealed declinations so that he could "make an independ [sic] judgment on whether these attorneys have violated their ethical standards."  The court denied the motion to the extent it sought appointment of counsel or access to the sealed declinations, but it granted Cuevas additional time to locate counsel on his own.

In the months that followed, Cuevas was given additional time to both secure counsel and file a COM.  In June 2012, Cuevas, still without counsel, filed his COM. Therein, he certified, pursuant to Rule 1042.3(a)(3), that expert testimony was *not* necessary in his case.  The Government then moved for summary judgment, arguing that his claim failed because such testimony was, in fact, necessary.

On August 21, 2013, the District Court granted the Government's motion.  The court determined that, because "the medical issues presented in this case are not within the range of experience and comprehension of non-professional persons," "expert testimony is needed to prove Plaintiff's claim of medical negligence."  (Supplemental App. at 131.)  Because Cuevas's COM certified that expert testimony was *not* necessary, the court concluded that Cuevas "is bound by this certification and now prohibited from offering such testimony absent exceptional circumstances."  (Id. at 132.)  Finding no exceptional circumstances, the District Court held that summary judgment in favor of the

4

Government was appropriate.

Cuevas now appeals, challenging the District Court's handling of the counsel issue on remand and its August 21, 2013 grant of summary judgment.[2]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review a district court's grant of summary judgment de novo, applying the same standard as the district court." S.H. v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists, summary judgment should not be denied unless there is sufficient evidence for a jury to reasonably find for the non[-]movant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks and citation omitted). We review the District Court's handling of the counsel issue for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

We begin with the counsel issue. A district court may only ask, not compel, an attorney to represent a litigant who is unable to afford counsel. See 28 U.S.C.

---

[2] Although Cuevas's notice of appeal was not docketed until 78 days after the District Court entered its judgment, the parties agree that he submitted that notice to prison authorities for forwarding to the District Court within the 60-day appeal period prescribed by Federal Rule of Appellate Procedure 4(a)(1)(B). Accordingly, this appeal is timely.

§ 1915(e)(1); Brightwell v. Lehmann, 637 F.3d 187, 191 n.5 (3d Cir. 2011) (citing

Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296 (1989)).  In Tabron, we

took note of the "significant practical restraints" on a district court's ability to appoint

counsel under § 1915:  "the ever-growing number of prisoner civil rights actions filed

each year in the federal courts; the lack of funding to pay appointed counsel; and the

limited supply of competent lawyers who are willing to undertake such representation

without compensation."  6 F.3d at 157.  We expressed "no doubt that there are many

cases in which district courts seek to appoint counsel but there is simply none willing to

accept appointment.  It is difficult to fault a district court that denies a request for

appointment under such circumstances."  Id.

Here, the District Court, on remand, made a concerted effort to obtain an attorney

for Cuevas.  Unfortunately, each of the three recruited attorneys declined.  The court's

decision to stop searching at that point was not necessarily problematic.  What *was*

potentially problematic was the fact that the court explicitly based that decision, in part,

on the reasons given in the attorney declinations while, at the same time, refusing to share

those reasons with the parties.

To be sure, there was no need for the court to unseal the declinations themselves.

Nor would it have been appropriate to disclose the names of the recruited attorneys.  But

without giving *any* indication as to why those attorneys declined, the District Court

erected a barrier to meaningful review of its decision.

---

See Houston v. Lack, 487 U.S. 266, 276 (1988).

Despite that, we need not remand again. We have examined the attorney declinations and believe it is necessary to disclose the reasons (and only the reasons) given in those declinations. One attorney declined because of his/her full-time commitment to non-legal employment. Another attorney declined because of his/her caseload, and noted that he/she had been "unable to identify other counsel in [his/her] office with the capacity to represent the plaintiff at this time." The third attorney declined because he/she had investigated the case and believed that it lacked merit. Having considered these reasons and the circumstances of this case, we cannot conclude that the District Court abused its discretion when it called off the search for counsel.

We now turn to the District Court's decision to grant summary judgment in the Government's favor. Pursuant to <u>Liggon-Redding</u>, Cuevas was required to file a COM. He eventually did so, invoking Rule 1042.3(a)(3) and asserting that no expert testimony was necessary. For substantially the reasons given by the District Court, we agree with the court that expert testimony was, in fact, necessary, and that Cuevas's decision to proceed under subsection (a)(3) prohibited him from presenting such testimony. Accordingly, the District Court properly granted summary judgment in favor of the Government.

In light of the above, we will affirm the District Court's August 21, 2013 judgment.[3]

---

[3] Cuevas has moved for reconsideration of a June 2, 2014 order issued by the Clerk of this Court, which took no action on his untimely opposition to the Government's motion

to supplement the appendix.  Cuevas's motion is denied.  We note that, even if we were to consider that opposition, the outcome of this appeal would not change.