Thomas WARNER, Appellant,

v.

UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, Appellee.

Superior Court of Pennsylvania.

Submitted March 14, 2005.

Filed May 4, 2005.

Thomas M. Warner, pro se.

Kathleen Chancler, Philadelphia, for appellee.

Before: ORIE MELVIN, BOWES and KELLY, JJ.

BOWES, J.

¶ 1 *Pro se* Appellant, Thomas Warner, challenges the August 31, 2004 order refusing to lift a judgment of *non pros* entered after he failed to timely file the certificate of merit required by Pa.R.C.P. 1042.6. We affirm.

¶ 2 Appellant, proceeding *pro se*, instituted this medical malpractice action in the Federal District Court for the Eastern District of Pennsylvania against the University of Pennsylvania Health System. He sought to recover for emotional distress purportedly caused when he was involuntarily committed to one of Appellee's mental health facilities on January 13, 2001. The complaint indicated that Appellant was brought to the facility by his sister-in-law, who successfully gained his involuntary commitment for mental health treatment.

¶ 3 On March 4, 2004, the case was transferred from the federal district court to the Court of Common Pleas of Philadelphia County. Simultaneously with the transfer, Appellant filed a petition for per-

mission to proceed *in forma pauperis*. On March 24, 2004, the trial court granted that petition, and the complaint was filed on April 19, 2004, reissued on May 5, 2004, and served on May 10, 2004.

¶ 4 On June 15, 2004, Appellant asked for an extension of time to file a certificate of merit. That request was denied on July 19, 2004. The denial was premised upon Appellant's failure to provide any reason for his inability to file the certificate in a timely manner. In the meantime, on July 15, 2004, Appellant handed a copy of a certificate of merit to the motion clerk at the Office of the Prothonotary for the Philadelphia Common Pleas Court. Appellant placed a motion cover sheet on the certificate of merit. On the bottom of that sheet, there is a plainly worded notice that the document would be forwarded to the court for disposition after the time period for filing a response had expired. Thus, the document was not entered in the record or the docket on July 15, 2004. Instead, from its placement in the record, we can extrapolate that the certificate was included in the record just prior to Appellant's August 2, 2004 petition to open the judgment of *non pros.* Since the certificate was not docketed and was not of record on July 22, 2004, Appellee praeciped the prothonotary for judgment of *non pros,* and judgment was entered that same day. This appeal followed denial of Appellant's August 2, 2004 petition to open the judgment of *non pros.*

■ ¶ 5 First, we address Appellee's request that we dismiss this appeal because Appellant's brief was filed two days late and served one day later. We acknowledge that transgressions of the rules of appellate procedure may warrant sanctions. Pa.R.A.P. 2101 (briefs or reproduced records materially violating rules may be "suppressed," and if defects in brief or reproduced record are substantial,

appeal "may be quashed or dismissed"). In this case, Appellant's filing faults were minor and have not impacted on Appellee's ability to respond. Therefore, we decline to dismiss the appeal. *See Commonwealth v. Henry,* 550 Pa. 346, 358 n. 4, 706 A.2d 313, 318 n. 4 (1997) (although counsel was admonished for filing brief that was in contravention of various rules of appellate procedure, effective appellate review was not impeded and no sanction imposed); *Long v. Ostroff,* 854 A.2d 524 (Pa.Super.2004) (party violated four rules of appellate procedure, but violations did not impede review and merits of appeal considered); *Savoy v. Savoy,* 433 Pa.Super. 549, 641 A.2d 596, 598 (1994) (where breach of rules of appellate procedure did not prevent meaningful review, merits of appeal addressed); *Barner v. Barner,* 364 Pa.Super. 1, 527 A.2d 122 (1987) (where defects in brief were not substantial, dismissal not appropriate).

■ ¶ 6 While Appellee also faults Appellant for failing to file a reproduced record and designation of the contents of the reproduced record, Appellant astutely observes that his *in forma pauperis* status absolves him of responsibility for filing a reproduced record. Pa.R.A.P. 2151(b) ("If leave to proceed *in forma pauperis* has been granted to a party, such party shall not be required to reproduce the record.") Since Appellant was not required to file a reproduced record, it logically follows that he was not required to file a designation of its contents. Thus, there were no violations of the rules of appellate procedure in this respect.

■ ¶ 7 Now, we address whether judgment of *non pros* properly was entered in this action. Pa.R.C.P. 1042.3 provides that a certificate of merit must be filed in any medical malpractice action within sixty days of the filing of complaint. Appellant concedes the applicability of this rule, and

in accordance with its dictates, he was required to file the certificate by June 18, 2004. His certificate, which was time stamped on July 15, 2004, was untimely.

¶ 8 Pa.R.Civ.P. 1042.6 provides that

(a) The prothonotary, on praecipe of the defendant, shall enter a judgment of *non pros* against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.

*Note:* The prothonotary may not enter judgment if the certificate of merit has been filed prior to the filing of the praecipe.

In this case, Appellant's certificate was neither in the record nor docketed on July 22, 2004, when the prothonotary entered judgment of *non pros*.

¶ 9 We recently applied Pa.R.C.P. 1042.6 in *Moore v. Luchsinger*, 862 A.2d 631 (Pa.Super.2004), and held that a judgment of *non pros* may not be entered if a certificate of merit has been filed. In determining when a document is filed, we applied Pa.R.C.P. 205.1 (emphasis added), which provides:

**Any legal paper not requiring the signature of, or action by, a judge prior to filing** may be delivered or mailed to the prothonotary, sheriff or other appropriate officer accompanied by the filing fee, if any. Neither the party nor the party's attorney need appear personally and present such paper to the officer. The signature of an attorney on a paper constitutes a certification of authorization to file it. The endorsement of an address where papers may be served in the manner provided by Rule 440(a) shall constitute a sufficient registration of address. The notation on the paper of the attorney's current Supreme Court identification number issued by the Court Administrator of Pennsylvania shall constitute proof of the right to practice in the Commonwealth. A paper sent by mail shall not be deemed filed until received by the appropriate officer.

■ ¶ 10 Pursuant to this rule, we have held that "the term 'filing' is not the equivalent of either the prothonotary's time-stamping of a document or the recording of receipt on the docket." *Griffin v. Central Sprinkler Corp.*, 823 A.2d 191, 196 (Pa.Super.2003); *accord Nagy v. Best Home Services, Inc.*, 829 A.2d 1166 (Pa.Super.2003). Instead, documents are deemed filed when received by the appropriate officer. *Griffin, supra; Nagy, supra.*

¶ 11 Appellant places the blame for the late inclusion of the certificate in the record on the prothonotary; however, Appellant misplaces his aspersions. While Appellant's certificate of merit was time-stamped as delivered to the prothonotary on July 15, 2004, it was not placed in the record and cannot be considered filed on that date because it was presented to the prothonotary as a motion. Appellant admits responsibility for affixing a motion cover sheet to the certificate, Appellant's reply brief at 2; the motion cover sheet actually is the page of the document that displays the time stamp. Appellant hand-completed the motion cover sheet and signed it at the bottom, and was thus personally responsible for labeling the certificate as a motion.

¶ 12 While he admittedly listed the type of motion as a "certificate of merit," Certificate of Merit Motion Cover Sheet, 7/15/04, at 1, at the bottom of the motion cover sheet, in bold and larger type than the body of the document, appeared the notice, "This Motion will be forwarded to the Court after the Response Date." *Id.* Appellant also admits in his reply brief at page two that he handed the document to

the motion clerk, who clearly was designated as such by a plaque in the prothonotary's office. The certificate was not received by "the appropriate officer" when handed to the motion clerk because Appellant's actions placed this document within the parameters of the first sentence of Pa.R.C.P. 205.1 and transformed it, albeit improperly, into a legal paper requiring the signature of a judge prior to filing. Furthermore, Appellant specifically was placed on notice that the motion would be held pending a response. *Cf. Nagy, supra* (a proper person in prothonotary's office received document within time frame for document to be considered timely filed). We therefore reject Appellant's position that an "error on the part of a prothonotary['s] office clerk resulted in plaintiff's Certificate of Merit . . . being sent to Motion Court incorrectly." Appellant's brief at 8.[1]

¶ 13 We observed in *Hoover v. Davila,* 862 A.2d 591 (Pa.Super.2004), that Pa. R.C.P. 1042.3(a) (emphases added) specifically applied to a medical malpractice action instituted by a *pro se* litigant by stating, "In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, **or the plaintiff if not represented**, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney **or party** that either . . . ." We also observed:

A *pro se* litigant is not absolved from complying with procedural rules. *Jones v. Rudenstein,* 401 Pa.Super. 400, 585 A.2d 520, 522 (Pa.Super.1991), *appeal denied,* 529 Pa. 634, 600 A.2d 954 (1991). The fact that appellant initially proceeded *pro se* does not absolve him of the

responsibility to comply with procedural rules, new or old. *See Commonwealth v. Abu-Jamal,* 521 Pa. 188, 200, 555 A.2d 846, 852 (1989) (*pro se* litigant is subject to same rules of procedure as is a counseled defendant).

*Id.* at 595–96; *accord Cole v. Czegan,* 722 A.2d 686, 687 (Pa.Super.1998) (quoting *O'Neill v. Checker Motors Corp.,* 389 Pa.Super. 430, 567 A.2d 680, 682 (1989) (*pro se* litigant is "not entitled to any particular advantage because he lacks legal training")). Our Supreme Court specifically has adopted the Commonwealth Court's position that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Vann v. Commonwealth Unemployment Compensation Bd. of Review,* 508 Pa. 139, 148, 494 A.2d 1081, 1086 (1985) (quoting *Groch v. Unemployment Compensation Board of Review,* 81 Pa.Cmwlth. 26, 472 A.2d 286, 288 (1984)). In light of this precedent, we reject Appellant's suggestion that the prothonotary's office had some measure of responsibility to inform him that he had incorrectly characterized his certificate of merit as a motion.

¶ 14 The certificate of merit in this case cannot be considered filed on the date it was time-stamped because Appellant treated it as a motion and was on notice that it would be held until a response was filed and then sent to a court for disposition. Since there was no pending motion to extend the time for filing a certificate and since the certificate of merit was not filed of record when the prothonotary entered judgment of *non pros,* said judgment was entered properly pursuant to Pa. R.C.P. 1042.6. Moreover, Appellant acknowledges that he did not present the

---

1. Appellant's brief is not numbered but the quoted language appears at page eight of the

brief if the cover page is omitted.

trial court with an explanation as to why he could not timely file a certificate of merit but suggests that his omission was moot because he filed his certificate while the motion for extension was pending. Since Appellant failed to allege the existence of a valid excuse for failing to file his certificate within sixty days of filing the complaint, the trial court properly denied his petition to extend the time for filing a certificate of merit. *Hoover, supra.*

¶ 15 Motion to quash or dismiss appeal denied. Order affirmed.

¶ 16 Judge KELLY Concurs in the Result.