J-S59045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| K.W., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| A.C., | |
| Appellee | No. 1539 EDA 2014 |

Appeal from the Order Entered April 15, 2014
in the Court of Common Pleas of Chester County
Civil Division at No(s): 2013-08314-CU

BEFORE: SHOGAN, LAZARUS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED AUGUST 29, 2014**

K.W. appeals *pro se* from the order of April 15, 2014, which determined custody of F.W. (born in March 2009) and V.C. (born in December 2012) (Children, collectively) between K.W. and Children's biological mother, Appellee A.C. We dismiss the appeal.

The trial court summarized the facts of the case as follows.

> [K.W.] and [A.C.] are former same-sex partners. During their relationship, [A.C.] gave birth to [F.W and V.C.], conceived through artificial insemination. Six weeks after [V.C.'s] birth [K.W.] left the relationship for a new girlfriend. On August 22, 2013, [K.W.] filed a complaint seeking shared legal and physical custody of [Children]. A custody trial [at which both parties were represented by counsel] was held before the [trial court] on April 1, 2014. On April 15, 2014, after finding that [K.W.] did not stand in loco parentis to [V.C.], [the trial court] granted

---

[*] Retired Senior Judge assigned to the Superior Court.

[A.C.] sole legal and sole physical custody of [V.C.]. [The trial court] also granted [A.C.] sole legal and primary physical custody of [F.W.], with [K.W.] being granted periods of partial custody. On May 12, 2014, [K.W.] appealed that order to the Superior Court.

Trial Court Opinion, 7/10/2014, at 1.

K.W. failed to file contemporaneously with her notice of appeal a statement of errors complained of on appeal as required by Pa.R.A.P. 1925(a)(2). This Court ordered K.W. to file her statement by June 2, 2014. On May 30, 2014, K.W. filed a six-page statement, which is the antithesis of conciseness. Nonetheless, the trial court filed a supplemental Rule 1925 opinion in response.

K.W.'s brief does not contain a statement of questions presented as required by Pa.R.A.P. 2111(a)(4). Her brief also is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). The brief further is devoid of citations to the record or to any legal authority as are required by Pa.R.A.P. 2119(c) and (b), respectively.

K.W.'s brief does include two paragraphs under the heading "Intentions of Appeal":

> 6.  It is my intentions [*sic*] to provide further evidence of my parental skills, living conditions and activities with my children, as well as legal standing on both children. I also

intend to review the 16 factors and provide more evidence and facts to the court.

7. I feel that a ruling on the best interests of my children has been made in error and all facts need to be reconsidered and additional evidence needs to be provided before ruling that two children should go without an entire half of their family.

K.W.'s Brief at 2 (pages unnumbered).

Despite her intentions, K.W.'s brief makes no further reference to the 16 child custody factors found at 23 Pa.C.S. § 5328(a). However, she does attach to her brief/reproduced record documents which are not part of the certified record, which this Court cannot consider. *See, e.g. Rosselli v. Rosselli*, 750 A.2d 355, 359 (Pa. Super. 2000) ("This Court may review and consider only items which have been duly certified in the record on appeal."). Notably absent from her reproduced record and the certified record is the transcript of the custody hearing or any indication that K.W. paid to have the notes of testimony transcribed, in violation of Rule 1911 of the Rules of Appellate Procedure. Pa.R.A.P. 1911(a) ("The appellant **shall** request any transcript required under this chapter in the manner and **make any necessary payment or deposit therefor**…." (emphasis added)).[1]

_____

[1] The record does contain a copy of an email from K.W.'s current partner to someone named Mark at a @chesco.org email address in which K.W.'s partner requested a copy of the transcript. The trial court docket reflects this filing, noting that it "has the appearance of a request for court transcript submitted in the form of an email…." Trial Court Docket, 5/12/2014.

K.W.'s utter disregard for the Rules of Appellate Procedure, and her failure to order the transcript necessary for this Court to determine whether the trial court's findings are supported and reasonable, have left this Court without the ability to conduct meaningful review. *See J.R.M. v. J.E.A.*, 33 A.3d 647, 650 (Pa. Super. 2011) (quoting *Durning v. Balent/Kurdilla*, 19 A.3d 1125, 1128 (Pa. Super. 2011) ("In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations."); *In re R.N.F.*, 52 A.3d 361, 364 (Pa. Super. 2012) ("Our review of the record reveals that Mother failed to discharge her obligation to ensure an adequate record on appeal, such as to permit meaningful review. As a result, this Court is without an adequate record to consider whether the trial court's findings of fact are supported by competent evidence, or whether the court erred in its decree.").

While we are willing to construe liberally the filings of a *pro se* party, the lack of legal training does not entitle a *pro se* litigant to special advantage. *Rich v. Acrivos*, 815 A.2d 1106, 1108 (Pa. Super. 2003). Further, "*pro se* status does not relieve [an appellant] of the duty to follow the Rules of Appellate Procedure." *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). As our Supreme Court has noted, "any layperson choosing to represent himself in a legal proceeding must, to some

reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Warner v. University of Pennsylvania Health System***, 874 A.2d 644, 648 (Pa. Super. 2005) (quoting ***Vann v. Commonwealth Unemployment Compensation Bd. of Review***, 494 A.2d 1081, 1086 (Pa. 1985)).

Accordingly, we dismiss this appeal without consideration of the merits of K.W.'s complaints. ***See*** Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."); Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be … dismissed.").

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2014