J-A16034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JENNIFER BITZER, IN HER OWN RIGHT, AND AS EXECUTRIX OF THE ESTATE OF LYNNE E. BITZER, AND KAREN BITZER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BRENNTAG NORTHEAST, INC., Armstrong WORLD INDUSTRIES, INC., BARLEY SNYDER, LLP AND ALAN J. HAY, M.D. | : | No. 111 MDA 2019 |

Appeal from the Order Entered December 20, 2018
in the Court of Common Pleas of Lancaster County
Civil Division at No(s): 18-05895

BEFORE: PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED OCTOBER 15, 2020**

Jennifer Bitzer ("Bitzer"), in her own right, and as Executrix of the Estate of Lynne E. Bitzer ("Decedent"), and Karen Bitzer ("Karen") (collectively, "Plaintiffs"), appeal from the Order sustaining Preliminary Objections as to Bitzer's Complaint, filed on behalf of Brenntag Northeast, Inc. ("Brenntag"), Armstrong World Industries, Inc. ("Armstrong"), Barley Snyder, LLP ("Barley Snyder"), and Alan J. Hay, M.D. ("Dr. Hay") (collectively, "Defendants"). We affirm.

As the trial court dismissed Plaintiffs' Complaints based upon the Preliminary Objections filed by Defendants, we must accept as true all well-pleaded, material, and relevant facts alleged in the Complaint, and every

inference that is fairly deducible from those facts. *See Commonwealth by Shapiro v. UPMC*, 208 A.3d 898, 908 (Pa. 2019) (setting forth the scope and standard of review of an order sustaining preliminary objections due to legal insufficiency).

As alleged in the Complaint, between 1965 and November 2003, Decedent was employed by Armstrong, in the Inspection Department of its Lancaster flooring plant. *See* Complaint, 7/24/18, at ¶¶ 11-12. During that time, Decedent was exposed to trichloroethylene, methylene chloride and methyl ethyl ketone ("the toxic chemicals"). *Id.* at ¶ 13. The toxic chemicals were used by Armstrong in a "Safety Solvent" manufactured by Brenntag. *Id.* As a result of his exposure to the toxic chemicals, Decedent developed multiple myeloma, which in turn caused his death on June 22, 2013. *Id.* at ¶¶ 14-15.

In 2016, by Writ of Summons, George Chada, Esquire ("Attorney Chada"), initiated identical litigation on behalf of Plaintiffs, and over thirty additional plaintiffs, in the Court of Common Pleas of Lancaster County, at docket number CI-03605 ("the 2016 case"). The procedural posture of the 2016 case is relevant to an understanding of the instant appeal. Thus, we set forth the trial court's summary of the history of the 2016 case as follows:

## I. PROCEDURAL HISTORY

This case has a long and complex procedural history. … Complicating matters is the company the case keeps. It is just one of thirty cases currently on appeal involving numerous [plaintiffs] brought primarily against defendants [Armstrong] and [Brenntag,] but including various other defendants on occasion. Although these cases are distinct, they do overlap significantly in

regard to their facts and to the legal issues at play. Many times, similar orders were entered across all [of] these cases, and the procedural history will reflect that reality.

**A. Pleadings History**

On August 15, 2017, thirty-six similarly[-]situated cases were assigned to the undersigned judge. Counsel met and agreed to attempt to streamline the pleadings process by instituting a model case structure in which the court would rule on preliminary objections in four model cases[,] and the parties would use these rulings to guide future pleadings. This case was *not* one of the model cases.

This case began by [W]rit of [S]ummons on April 25, 2016, naming as defendants [Armstrong], Barley Snyder[], Barnes & Thornburg, LLP[,] and Morgan Lewis and Bockius, LLP. [The plaintiffs] filed a [C]omplaint on October 10, 2017[,] naming [Armstrong] and [Brenntag] as defendants, to which defendant [Armstrong] filed [P]reliminary [O]bjections. Defendant [Brenntag] filed a [M]otion for protective order on November 13, 2017, asserting it was being forced to relitigate identical claims [the plaintiffs] filed in ***United Steel Workers of America Local 285***, CI-15-08680, and [because] it was not named in the [W]rit of [S]ummons. The [trial] court denied Brenntag's [M]otion, stating the issues raised were more appropriately addressed pursuant to Pa.R.C.P. 1028. [Brenntag] then filed [P]reliminary [O]bjections[,] and a [M]otion for sanctions against Attorney Chada individually. The [P]reliminary [O]bjections were not resolved prior to the case being dismissed for failure to prosecute.

**B. Sanctions on Attorney Chada**

[Brenntag] filed its [M]otion for sanctions on December 21, 2017….

**C. Disqualification of Attorney Chada**

On June 14, 2018, the [trial] court entered a [R]ule to [S]how [C]ause upon Attorney Chada to show why he should not be disqualified from the case due to his continuing and flagrant disregard for the court's [O]rders and the Pennsylvania Rules of Civil Procedure. The court also stayed the cases at this time. On July 5, 2018, Attorney Chada filed a [M]otion requesting an

extension of time to respond to the court's [R]ule, which the court granted by [O]rder dated July 6, 2018. On July 6, 2018, Attorney Chada filed his [A]nswer and [a M]otion to recuse. [Attorney] Chada then refiled this [M]otion on July 11, 2018. [Brenntag] filed responses on July 13, 2018, and July 27, 2018. [Armstrong] filed a response on July 27, 2018. After consideration of the [A]nswer and responses, the court entered an [O]pinion and [O]rder on September 4, 2018, disqualifying Attorney Chada as counsel of record for the [p]laintiffs in the thirty-four open cases. [The plaintiffs] did not seek reconsideration of this [O]rder or file an appeal.

**D. Closure of Case**

In its [O]rder of September 4, 2018, disqualifying Attorney Chada, the court extended the stay on the cases for an additional ninety days to allow the [p]laintiffs time to obtain new counsel[,] and for that counsel to enter his or her appearance. On December 19, 2018, one hundred six days after the court's [O]rder, [Brenntag] filed a [M]otion for entry of judgement *non pros* against the [plaintiffs,] based on the failure of the [plaintiffs] to obtain new counsel or enter a *pro se* appearance. On December 20, 2018, the [trial] court entered an [O]rder scheduling a hearing[,] which required the [plaintiffs] to appear and state the reason(s) the [M]otion should not be granted. The [plaintiffs] failed to appear for the January 10, 2019, hearing. On January 11, 2019, the court entered an [O]rder directing the prothonotary to close the case based on the [plaintiffs'] failure to prosecute.

[The plaintiffs, represented by new counsel,] filed an appeal on February 11, 2019.[1]

***USW Local 285* et al. *v. Armstrong World Indus.***, No. CI-16-03605, 2019 Pa. Dist. & Cnty. Dec. LEXIS 6531, at *4-7 (C.P. Apr. 29, 2019) (footnote and emphasis added).

---

[1] The appeal of the 2016 case was docketed in this Court at No. 264 MDA 2019.

Thereafter, Armstrong and Brenntag filed an Application to dismiss the appeal of the 2016 case, based upon the plaintiffs' failure to file a [P]etition to open the judgment of *non pros*. On July 7, 2019, this Court granted the Motion to dismiss. ***USW Local 285 et al. v. Armstrong World Indus.***, No. 264 MDA 2019 (Order filed July 7, 2019). This Court denied reconsideration of its Order on November 1, 2019. ***See id.*** (Order filed November 1, 2019). The Pennsylvania Supreme Court denied allowance of appeal. ***USW, Local 285 v. Armstrong World Indus.***, 231 A.3d 779 (Pa. 2020).

On July 24, 2018, during the first stay entered in the 2016 case, Plaintiffs commenced this action by filing a Complaint asserting wrongful death and survival actions, as well as other tort claims. Relevant to this appeal, in Count Three of the Complaint, Bitzer and Karen alleged a cause of action against Armstrong for battery. Specifically, the Complaint averred that Bitzer had suffered secondary exposure to the toxic chemicals. Complaint, 7/24/18, at ¶¶ 48-50. The Complaint averred that the exposures constituted a battery against Bitzer and her unborn child, Karen. ***Id.*** at ¶¶ 50, 52-53. Karen was born on March 30, 1987. ***Id.*** at ¶ 55. According to the Complaint, "[a]s a direct and proximate result of [] Bitzer's battery by toxic and hazardous substances in the Bitzer Home while pregnant with Karen [], [] Bitzer delivered a child with [] reproductive and developmental injuries." ***Id.*** at ¶ 54.

Count Six of the Complaint avers a similar battery claim against Brenntag, as the manufacturer of the Safety Solvent. ***Id.*** at ¶¶ 78-90.

In Count Nine, Plaintiffs alleged a cause of action for intentional misrepresentation against Barley Snyder. According to the Complaint, Barley Snyder "paid for and directed the disposal of Employee Exposure and Medical Records … within the meaning of 29 C.F.R. 1910.1020." *Id.* at ¶ 106. Plaintiffs averred that when they requested Decedent's medical records, Barley Snyder "responded with intentional and knowingly false statements about the existence" of Decedent's records. *Id.* at ¶ 111. Plaintiffs asserted that Barley Snyder's statements were perpetrated to conceal the cause of Decedent's medical condition and death. *Id.* at ¶ 116.

In Count Ten of the Complaint, Plaintiffs averred a cause of action against Dr. Hay for breach of medical records confidentiality. The Complaint averred that Dr. Hay owed a duty pursuant to 29 C.F.R. 1910.1020 to preserve the confidentiality of Decedent's medical records, and to produce those records upon the proper request. Complaint, 7/24/19, at ¶¶ 123-126. According to the Complaint, Dr. Hay gave custody and control of the records to Barley Snyder, which then disposed of the records, thereby breaching the duty of maintaining confidentiality over a patient's medical records. *Id.* at ¶¶ 127-133.

In the instant case, the trial court summarized the relevant procedural history underlying the present appeal as follows:

> On July 24, 2018, [during the first stay entered in the 2016 case,] [P]laintiffs commenced this action by filing a [C]omplaint, including claims that are identical to those brought against the same [D]efendants in thirty-five (35) other related cases. On

August 29, 2018, the [trial] court issued an [O]rder staying this case[,] and prohibiting Attorney [] Chada, who represents the [P]laintiffs in this action, from filing any further actions against these [D]efendants, or any further pleading in this case or the related cases, without leave of court. On November 6, 2018, following a status conference, the [trial] court lifted the stay[,] partially[,] to allow Attorney Chada to file non-frivolous pleadings in this case. This [O]rder also set deadlines to allow [D]efendants until November 27, 2018, to file preliminary objections, and to allow [P]laintiffs until December 17, 2018, to file responses to the preliminary objections.

Defendants Brenntag …, [Armstrong], Barley Snyder, [] and [Dr. Hay,] timely filed [P]reliminary [O]bjections to [P]laintiffs' [C]omplaint. On December 17, 2018, Attorney Chada filed four [M]otions for leave to file responses in opposition to the [P]reliminary [O]bjections, which included [P]laintiffs' responses as attachments. The [trial] court sustained the [P]reliminary [O]bjections and dismissed with prejudice all counts in [P]laintiffs' [C]omplaint[,] by [O]rder issued December 20, 2018. Plaintiffs filed a [N]otice of [A]ppeal from this [O]rder on January 14, 2019, and a [Pa.R.A.P. 1925(b)] [C]oncise [S]tatement of matters complained of on appeal on February 21, 2019.

Trial Court Opinion, 3/27/19, at 1-2.

Before this Court, Defendants have filed Applications/Motions to dismiss

Plaintiffs' appeal based upon waiver and Plaintiffs' untimely filing of their

appellate brief.[2]  Plaintiffs have filed responses to the Motions, and Defendants have filed Replies thereto.  These Applications/Motions have been deferred to this panel for disposition.[3]

Plaintiffs present the following claims for our review:

1.     Did the [trial court] err when it failed to rule upon or even consider the causes of action asserted in the [C]omplaint by [Bitzer] and Karen [] (Counts Three and Six) for the injuries they sustained as a result of their exposure to the toxins in the Safety Solvent manufactured by Brenntag?

2.     When it granted the [P]reliminary [O]bjections to all counts, did the [trial] court erroneously violate the rule that statute of limitations is an affirmative defense that must be raised in an Answer and adjudicated after the presentation of a full record?

3.     Did the [trial] court err when it dismissed Count Nine, which sets forth a cause of action against Barley Snyder for Intentional Misrepresentation?

4.     Did the [trial] court err when it dismissed Count Ten, which sets forth a cause of action against Dr. Hay for Breach of Confidentiality?

---

[2] Pennsylvania Rule of Appellate Procedure 2188 provides that, "[i]f an appellant fails to file his … brief … within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter."  However, as Defendants suffered no prejudice resulting from the delay, we decline to dismiss the appeal.  ***See Warner v. Univ. of Pa. Health Sys.***, 874 A.2d 644, 646 (Pa. Super. 2005) (stating that "[a]ppellant's filing faults were minor and have not impacted on [a]ppellee's ability to respond. Therefore, we decline to dismiss the appeal.").

[3] As discussed *infra*, we decline to dismiss the appeals based upon the waiver argument set forth on Defendants' respective Applications/Motions.  Rather, we prefer to address the issues as presented by Plaintiffs, and determine whether the issue of waiver is relevant in that context.  Consequently, we **deny** Defendants' Applications/Motions to dismiss the appeal based upon waiver.

Brief for Appellants at 6-7.

In their first claim, Plaintiffs argue that the trial court erred by failing to rule upon or consider Counts Three and Six "for the injuries they sustained as a result of their exposure to the toxins in the Safety Solvent manufactured by Brenntag." Brief for Appellant at 18. Plaintiffs state that in Count Three, they alleged battery against Armstrong, based upon their secondary exposure to toxic and hazardous substances, pursuant to *Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1180 (Pa. Super. 1989).[4] According to Plaintiffs, Brenntag manufactured the Safety Solvent, which included chemicals that were "teratogens." Brief for Appellants at 19. Plaintiffs argued that the toxic chemicals crossed the placenta, causing "reproductive and developmental injuries in Karen[.]" *Id.* Plaintiffs further argue that, in Count Six of their Complaint, they averred a similar cause of action for battery against Brenntag, as the manufacturer of the chemicals. *Id.* at 20. Plaintiffs now argue that the trial court erred in addressing only the wrongful death and survival actions, and not addressing their separate causes of action. *Id.* at 20. Thus, Plaintiffs claim, they were precluded from asserting the applicability of the discovery rule to defeat Defendants' assertion of a statute of limitations defense. *Id.* at 21-22.

---

[4] In *Field*, this Court concluded that the appellee electric company had produced a "contact" with the appellant, such that the company could be held liable for battery. *Field*, 565 A.2d at 1178.

Brenntag counters that Plaintiffs' challenge is waived, based upon their failure to include this claim in their Pa.R.A.P. 1925(b) Concise Statement. Brief for Brenntag at 9. Brenntag argues that Plaintiffs failed to raise any error regarding the trial court's application of the statutes of limitations. *Id.* at 12. According to Brenntag, Plaintiffs' Concise Statement makes no mention of the statute of limitations. *Id.* Brenntag asserts that the claims regarding the statute of limitations are therefore waived as well. *Id.*

A party's failure to include an issue in its Pa.R.A.P. 1925(b) concise statement waives that issue on appeal. Pa.R.A.P. 1925(b)(4)(vii). Timely filing of a response to a trial court's Rule 1925(b) order is not enough to preserve issues for appeal. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa. Super. 2008). Rule 1925 requires an appellant to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues … not raised in accordance with the provisions of (b)(4) are waived." Pa.R.A.P. 1925(b)(vii). "[A c]oncise [s]tatement which is too vague to allow the courts to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001).

Importantly, however, "[e]ach error identified in the [Rule 1925(b) s]tatement will be deemed to include **every subsidiary issue** which was raised in the trial court." Pa.R.A.P. 1925(b)(4)(v) (emphasis added). In

accordance with the Official Note to Rule 1925, this Court has warned that courts should guard "against being too quick to find waiver, claiming that Rule 1925(b) statements are either too vague or not specific enough." **Astorino v. New Jersey Transit Corp.**, 912 A.2d 308, 309 (Pa. Super. 2006); **see also** Pa.R.A.P. 1925, Official Note Subparagraph (b)(4).

With this in mind, we review the Concise Statement filed by Plaintiffs. Instantly, Plaintiffs' Rule 1925(b) statement preserved the following claims for appeal:

a. [The trial court] erred as a matter of law and/or abused its discretion by not considering Plaintiffs' Motion for Leave to File a Response in Opposition in regard to any of the four Defendants, thereby depriving the Plaintiffs of the opportunity to respond to Defendants' Preliminary Objections.

b. [The trial court] erred as a matter of law and/or abused its discretion by sustaining the Preliminary Objections and dismissing the Complaint when Plaintiffs had valid causes of action.

c. [The trial court] erred as a matter of law and/or abused its discretion by denying Plaintiffs their due process rights under the United States Constitution and the Constitution of the Commonwealth of Pennsylvania by making a judgment on the pleadings, without considering all pleadings, and without affording Plaintiffs notice and an opportunity to be heard.

d. [The trial court] erred as a matter of law and/or abused its discretion by dismissing the Complaint with prejudice and depriving Plaintiffs of the right to plead over in an [a]mended [c]omplaint.

e. [The trial court] erred as a matter of law and/or abused its discretion by issuing inconsistent rulings when it sustained the Preliminary Objections and dismissed the Complaint in this case, despite the fact that it overruled Preliminary Objections

in thirty-five similar cases that involved the same claims and the same Defendants.

Plaintiffs' Concise Statement, 2/21/19, at 2-3.

None of the issues set forth above specifically challenge the trial court's dismissal of Counts Three and Six, as individual causes of action as to Bitzer and Karen, and the applicability of the discovery rule. Nor are the issues "subsidiary" to any of the vague issues raised in Plaintiffs' Concise Statement. Consequently, we conclude that Plaintiffs have waived their first claim. *See* Pa.R.A.P. 1925(b)(vii); ***Dowling***, 778 A.2d at 686-87.

In their second claim, Plaintiffs argue that the trial court improperly sustained Defendants' Preliminary Objections, because the statute of limitations is an affirmative defense, which must be raised in an answer. Brief for Appellant at 27. Although Plaintiffs cite one case in support, they offer no further argument. ***See id.***

In their Concise Statement, Plaintiffs did not state this basis for relief. Rather, Plaintiffs claimed a constitutional violation of their right to due process, and a general claim that the trial court precluded them from filing a response to the Preliminary Objections or an amended complaint. ***See***

Concise Statement, ¶¶ a, c, d.  Consequently, this claim is also waived.[5]  **See** Pa.R.A.P. 1925(b)(vii); **Dowling**, 778 A.2d at 686-87.

In their third claim, Plaintiffs argue that the trial court improperly dismissed Count Nine of their Complaint, which sets forth a cause of action against Barley Snyder for fraudulent misrepresentation.  Brief for Appellants at 28.  Plaintiffs set forth the elements of a cause of action for fraudulent misrepresentation, and the paragraphs of the Complaint purportedly establishing those elements.  **Id.** at 28-30.  In particular, Plaintiffs take issue with the trial court's determination that Plaintiffs have failed to establish a past or present misrepresentation.  **Id.** at 31.  According to Plaintiffs, the Complaint alleges that after Barley Snyder destroyed documents, "it then lied to Plaintiffs about their availability, with the intent to delay and prevent Plaintiffs' quest for truth."  **Id.**  Plaintiffs argue that the trial court improperly focused upon the Plaintiffs' reference to Armstrong's "intent to produce" documents, while ignoring the averment that Barley Snyder had "destroyed documents and then lied about their existence and accessibility."  **Id.** at 31.

---

[5] Even if Plaintiffs had preserved this claim, we would conclude that Plaintiffs waived their claim by not preliminarily objecting to the preliminary objections. "Where a party erroneously asserts substantive defenses in preliminary objections[,] rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections." **Richmond v. McHale**, 35 A.3d 779, 782 (Pa. Super. 2012).

On this basis, Plaintiffs assert, this Court should overturn the Preliminary Objection as to Count Nine. *Id.* at 32.

Once again, our review discloses that that the issues raised in Plaintiffs' Concise Statement do not include or suggest the issue raised in Plaintiffs third claim. Plaintiffs' general Concise Statement raises no specific claim as to Count Nine, or the sufficiency of its pleading of a cause of action for fraudulent misrepresentation. As such, this claim is waived. *See* Pa.R.A.P. 1925(b)(vii); *Dowling*, 778 A.2d at 686-87.

In their fourth claim, Plaintiffs argue that the trial court erred when it dismissed Count Ten of their Complaint, which sets forth a cause of action against Dr. Hay for breach of physician-patient confidentiality. Brief for Appellants at 33. In support, Plaintiffs state that Dr. Hay was employed by Armstrong as the physician at Armstrong's Floor Plant. *Id.* Plaintiffs contend that Decedent "was entitled to the regulatory protections provided by the Occupational Safety and Health Administration's (OSHA) Access to Employee Exposure and Medical Records. 29 C.F.R. § 1910.1020." Brief for Appellants at 33. Plaintiffs state that under section 1910.1020(a), "[t]he purpose of this section is to provide employees and their designated representatives a right of access to relevant exposure and medical records;" and that the activities involved in complying with that section may be carried out, on behalf of the employer, by the physician or other health care personnel in charge of employee medical records. *Id.* Plaintiffs argue that "[t]here is no provision

in section .1020(a) that required [Dr.] Hay to treat [Decedent]." ***Id.*** Further, Plaintiffs assert that the section does not require a physician-patient relationship. ***Id.*** at 34. At no time did they provide authorization for Barley Snyder to obtain decedent's Employee Exposure and Medical Records. ***Id.*** According to Plaintiffs, Dr. Hay concealed Decedent's medical records and regulatory medical surveillance, and this caused Decedent to develop multiple myeloma and allowed it to progress to Decedent's death. ***Id.*** at 36.

Plaintiffs dispute the trial court's determination that OSHA does not create a private cause of action against an employer for a violation. ***Id.*** at 37. Plaintiffs additionally dispute the trial court's conclusion that a physician-patient relationship is essential for a cause of action for breach of confidentiality. ***Id.*** Thus, Plaintiffs argue that the trial court erred in sustaining a Preliminary Objection as to Count Ten of the Complaint. ***Id.*** at 39.

Once again, our review of the Concise Statement filed by Plaintiffs discloses no issue based upon the trial court sustaining the Preliminary Objection as to Count Ten, or an issue implicating the arguments set forth above. Nor is Plaintiffs' claim subsidiary to any claim raised in the Preliminary Objections. Accordingly, we must deem this issue waived. ***See*** Pa.R.A.P. 1925(b)(vii); ***Dowling***, 778 A.2d at 686-87.

Defendants' Applications/Motions to dismiss this appeal based upon waiver and Applications and Motions to dismiss this appeal based upon Plaintiffs' late filings are hereby denied.  Order sustaining the Preliminary Objections affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2020