IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Wheeler,      :
      Appellant  :
          :
   v.       :
          :
PA Dept. of Corrections, Daniel J. :
Gehlmann, Gerald L. Rozum,  : No. 178 C.D. 2022
and John Wetzel     : Submitted: September 9, 2025

BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON     FILED: October 17, 2025


    Ronald Wheeler (Wheeler), *pro se*, appeals from a February 8, 2022 order (Trial Court Order) of the Court of Common Pleas of Cumberland County (Trial Court) that denied his second petition for leave to appeal *nunc pro tunc* after he failed to file a proper notice of appeal. This Court previously granted Wheeler's request for a remand to the Trial Court to allow him to file an amended statement of issues pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b). After Wheeler filed an amended statement of issues, the Trial Court filed a supplemental opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a) (Rule 1925(a) Opinion).

    Wheeler argues that the Trial Court abused its discretion in denying his second petition for leave to appeal *nunc pro tunc*. Wheeler has also filed an Application for Relief seeking a further remand for review of his 1925(b) statement.

After thorough review, we dismiss the Application for Relief and affirm the Trial Court Order.

## I. Background

This case has a tortured procedural history. We recite here only those portions of the history that are pertinent to the issues currently before us.

In July 2016, Wheeler, an inmate at the State Correctional Institution at Somerset (SCI-Somerset), filed a complaint in the Trial Court against the Pennsylvania Department of Corrections (Department); John Wetzel, Secretary of the Department; Gerald L. Rozum, former superintendent of SCI-Somerset; and Daniel J. Gehlmann, former deputy superintendent of SCI-Somerset (collectively, Appellees), alleging that negligent maintenance of cooling towers at SCI-Somerset during the months of June and July of 2013 resulted in water contaminated by Legionella and other bacteria, which caused him to suffer various adverse effects. Original Record (O.R.) at 6-14. In May 2021, Appellees filed a motion for judgment on the pleadings, asserting that Wheeler's action was barred by the two-year statute of limitations in Section 5524(2) of the Judicial Code,[1] 42 Pa.C.S. § 5524(2).[2] *See id*. at 552-57. On November 8, 2021, the Trial Court dismissed Wheeler's suit with prejudice after granting Appellee's motion, determining that Wheeler did not toll the statute of limitations by inappropriately filing a federal action when his suit should have been filed as a state action. *Id.* at 971.

---

[1] 42 Pa.C.S. §§ 101-9901.

[2] Section 5524(2) provides that "[t]he following actions and proceedings must be commenced within two years: . . . (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." 42 Pa.C.S. § 5524(2).

On November 29, 2021, Wheeler filed an application for reconsideration, requesting that the Trial Court vacate its November 8, 2021 order and grant leave to amend his complaint to conform to evidence that allegedly demonstrated proper compliance with the discovery rule. O.R. at 965-70. Wheeler further disputed the Trial Court's conclusion that his claim was time-barred. *Id.* at 969. In December 2021, Wheeler filed his first petition to appeal *nunc pro tunc* from the Trial Court's November 2021 order. *Id.* at 981-82. This petition was granted by the Trial Court, but Wheeler failed to file his appeal, assuming that the Trial Court's prothonotary would automatically file, as a notice of appeal, the exhibit attached to Wheeler's petition for *nunc pro tunc* relief. Wheeler's Br. at 9-10; *see also* O.R. at 1000-03 & 1009. Wheeler later attempted to file a second petition for leave to appeal *nunc pro tunc*, but the Trial Court denied the second petition by order dated February 8, 2022, on the grounds that the "[p]rothonotary was under no obligation to file an exhibit as a Notice of Appeal," and that Wheeler failed to "file an appeal *nunc pro tunc* after being granted leave to do so[.]" *Id.* at 1009 (italics added).

Wheeler then filed a notice of appeal with this Court from the Trial Court's February 8, 2022 order. O.R. at 1011.[3] Wheeler filed a Statement of Matters Complained of on Appeal on March 9, 2022, which raised nine arguments, only one of which related to the Trial Court's order of February 8, 2022. The other eight issues in the statement are distinct from the question of *nunc pro tunc* relief and include alleged misapplication of the statute of limitations, abuse of discretion in denying leave to amend the complaint to conform with evidence, error in granting

---

[3] Wheeler also filed a motion for reconsideration in the Trial Court on February 17, 2022. O.R. at 1025. The Trial Court initially granted the motion but later struck it as an "erroneous filing," presumably recognizing that the Trial Court had no authority to act once an appeal had been filed. *See* O.R. at 1046.

the motion for judgment on the pleadings, and incorrect application of discovery rules. Wheeler also filed a petition to remand, requesting that this Court vacate the Trial Court's November 8, 2021 order granting Appellees' motion for judgment on the pleadings. Pet. to Remand, 3/21/22.

In March 2022, the Trial Court issued a Rule 1925(a) Opinion, concluding that Wheeler failed to raise any arguments related to the Trial Court's February 8, 2022 order or his second petition for leave to appeal *nunc pro tunc*, thereby waiving any valid arguments on appeal. 1925(a) Op., 3/21/22. Accordingly, this Court subsequently ordered the parties to determine whether Wheeler waived all issues on appeal. Cmwlth. Ct. Order, 3/28/22.

In April 2022, Wheeler filed a petition with this Court requesting a remand to the Trial Court pursuant to Rule 1925(c)(2) to allow him to file an amended Rule 1925(b) statement. Pet. to Remand, 4/6/22. Relevant to this appeal, Wheeler argued that he "understandably concluded that the issues to be raised in [the] Rule 1925(b) [s]tatement were those regarding the grant of the motion for judgment on the pleadings" due to the Trial Court's order directing him to appeal from the court's November 8, 2021 order. *Id.* at 5-6. Appellees filed an application to quash Wheeler's appeal, arguing that he "waived any issues he might otherwise [have] raise[d] in his appeal" as a result of his failure to comply "in a meaningful way" with the Trial Court's order to file a Rule 1925(b) statement. Appl. to Quash, 4/7/22 at 4. On April 28, 2022, this Court issued an order stating that Appellees' application to quash and Wheeler's petition to remand would be decided with the merits of the appeal. Cmwlth. Ct. Order, 4/28/22.

In January 2024, this Court issued an opinion holding that the two orders issued by the Trial Court on February 25, 2022,[4] misled Wheeler into believing that his Rule 1925(b) statement was supposed to encompass only issues complained of on appeal from the Trial Court's November 8, 2021 order. Cmwlth. Ct. Op., 1/10/24 at 8. Therefore, this Court denied Appellees' application to quash and found that there was good cause to remand the matter to the Trial Court to permit amendment of Wheeler's Rule 1925(b) statement to properly include errors complained of on appeal from the Trial Court's February 8, 2022 order. *Id.* at 8 & 11-12.

On March 15, 2024, the Trial Court issued a supplemental opinion in support of its February 8, 2022 order pursuant to Rule 1925(c)(2) (1925(c) Opinion), maintaining that the Trial Court did not abuse its discretion in failing to include the deadline for filing an appeal, nor did it abuse its discretion in denying the second petition for *nunc pro tunc* relief after the prothonotary failed to file the notice of appeal that was attached as an exhibit to that petition. 1925(c) Op., 3/15/24 at 5-7. The 1925(c) Opinion also concluded that the arguments made in Wheeler's Amended Statement of Errors Complained of on Appeal (Amended Statement) were "outside of this appeal and do not require responses." *Id.* at 7-8.

---

[4] The Trial Court granted Wheeler's application for reconsideration and also filed an order with several typographical errors which provided:

> AND NOW, this 25th day of February 2022, *Defendant* having filed a [n]otice of [a]ppeal, *Defendant* is directed to file of record, within twenty-one (21) days hereof, and serve[] upon the undersigned, a concise statement of errors complained of on appeal. Any issue not properly included in the concise statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived.

Trial Ct. Order, 2/25/22 (emphasis added).

In April 2024, Wheeler filed an application for leave to file a supplemental brief, which this Court granted.[5] *See* Cmwlth. Ct. Order, 4/18/24. Wheeler's supplemental brief argued that the denial of his second petition to appeal *nunc pro tunc* was an abuse of discretion by the Trial Court and requested that this Court vacate the Trial Court's February 8, 2022 order and remand the matter for further consideration on issues two through nine in his Amended Statement that the Trial Court refused to address. Wheeler's Supp. Br. at 6-9.

## II. Issues

Before this Court,[6] Wheeler argues that the Trial Court's February 8, 2022 order was an abuse of discretion. Wheeler's Supp. Br. at 9. Procedurally, Wheeler avers that denying his second leave to appeal *nunc pro tunc* was inappropriate because of the Trial Court's failure to notify him that an appeal must be filed within 30 days of his initial request to proceed *nunc pro tunc*. *Id*. at 6-7. He also maintains that the Trial Court prothonotary's failure to file the proposed notice of appeal attached as an exhibit to his *nunc pro tunc* petition constituted a breakdown in the Trial Court's operation, thus justifying *nunc pro tunc* relief. *Id*. at 6-9. Therefore, Wheeler argues that his notice of appeal was timely because it should be deemed filed as of the date that the prothonotary received his first *nunc pro tunc* petition. *Id.* at 8 (citing *Nagy v. Best Home Servs.*, 829 A.2d 1166 (Pa. Super. 2003)). Thus, Wheeler requests that this Court vacate the Trial Court's February 8, 2022

---

[5] Appellees elected not to file a supplemental brief.

[6] "The decision whether to permit an appeal *nunc pro tunc* is an equitable matter and this Court's scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of law." *Dep't of Transp., Bureau of Traffic Safety v. Rick*, 462 A.2d 902, 903 (Pa. Cmwlth. 1983) (italics added).

order denying his second petition for leave to appeal *nunc pro tunc* and remand with a directive to the Trial Court to file a supplemental opinion to address issues two through nine of Wheeler's Amended Statement. *Id.* at 9.

Appellees Gehlmann, Rozum, and Wetzel maintain that the Trial Court acted within its discretion in denying Wheeler's second petition to appeal *nunc pro tunc*. They argue that Wheeler unreasonably believed that attaching a proposed notice of appeal to his first *nunc pro tunc* petition made filing a separate notice of appeal unnecessary and that there is no authority that requires a prothonotary to locate such a notice within an appellant's prior filings. Appellee's Br. at 8. Thus, they contend that the prothonotary's failure to file the attached exhibit cannot be construed as a breakdown in the Trial Court's operations; thus, the Trial Court's denial of the second petition was not an abuse of discretion. *Id.*

## III. Discussion

### A. Trial Court's Responsibility to Provide Notice of Appeal Deadline

Pennsylvania courts are willing to "liberally construe" materials filed by *pro se* litigants, but such leniency does not extend to independently assisting appellants with the development of their arguments. *Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018).[7] "It is not the duty of [the] Court to act as the appellant's counsel," nor is the court responsible for "scour[ing] the record to

---

[7] While not binding on this Court, decisions of the Superior Court may be cited as persuasive where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

find evidence to support an argument[.]" *Baginski v. Baginski* (Pa. Super., No. 650 MDA 2024, filed November 5, 2024);[8] *Cannavo*, 199 A.3d at 1289.

Wheeler incorrectly relies on *Commonwealth v. Wright*, 846 A.2d 730 (Pa. Super. 2004), which requires the trial court to advise *criminal* defendants of appellate timelines under the Pennsylvania Rules of Criminal Procedure.[9]  However, this Court can find no parallel statutory civil provision that requires the trial court to advise a civil appellant in the same manner—nor does Wheeler provide one.  Further, this Court has held that there is no obligation to inform an appellant of appeal deadlines "where the procedure for appealing is duly publicized, such by statute or agency rule . . . ."  *Rause v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 2355 C.D. 2008, filed July 20, 2009) (holding that a notice of suspension for a driver's license that fails to specify an appeal deadline is not defective when appeals timelines are publicized); *see also Dep't of Transp., Bureau of Driver Licensing v. Matlack*, 600 A.2d 998 (Pa. Cmwlth. 1991) (holding that the publication of appellate rights in Sections 5571(b)[10] and 5572[11] of the Pennsylvania Judicial Code are sufficient to establish notice of the appeal timeline).

---

[8] Under Rule 65.37.A of the Superior Court's Internal Operating Procedures, unreported decisions of the Superior Court issued after May 1, 2019, may be cited for their persuasive value. 210 Pa. Code § 65.37.A.

[9] *See* Pa.R.Crim.P. 704(C)(3)(a).

[10] "[A]n appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."  42 Pa.C.S. § 5571(b).

[11] Section 5572 of the Judicial Code provides:

> The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter.  The

As a *pro se* civil litigant, Wheeler is not entitled to any special advantages as a result of a lack of legal training. *See Deek Inv., L.P. v. Murray*, 157 A.3d 491, 494 (Pa. Super. 2017). *Pro se* litigants are bound by the procedural rules set forth by the court, and a failure to understand appellate procedures does not excuse an untimely filing. *Id.*; *see also Finney v. Unemployment Comp. Bd. of Rev.*, 472 A.2d 752 (Pa. Cmwlth. 1984). Therefore, Wheeler was responsible for familiarizing himself with the 30-day appeal timeline and further procedures set forth in Rules 902 and 903 of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 902-903. Moreover, as noted by the Trial Court, Wheeler demonstrated awareness of such deadlines when he specifically referenced Rule 903 in his second petition to appeal *nunc pro tunc* as an acknowledgment that his deadline to appeal had passed. Trial Ct. Op., 3/15/2024 at 6. Thus, there was no abuse of discretion or administrative breakdown in the Trial Court's failure to impart information to Wheeler that he knew or reasonably should have known.

### B. Prothonotary's Responsibility to File Notice of Appeal

An appellant's documents are considered "filed" when they are received by the appropriate officer. *Nagy*, 829 A.2d at 1169. However, documents intended to be filed must be appropriately placed on the record as intended to be filed, and a prothonotary's duty to inspect extends only to the face of the document. *See Warner v. Univ. of Pa. Health Sys.*, 874 A.2d 644, 647 (Pa. Super. 2005); *McKeown v. Bailey*, 731 A.2d 628, 631 (Pa. Super. 1999). Moreover, such a duty is limited, as a prothonotary is a clerk of the court and is not in a position of an

---

date of entry of an order of a court or magisterial district judge may be specified by general rules.

42 Pa.C.S. § 5572.

administrative officer who acts in a discretionary judicial capacity. *Warner v. Cortese*, 288 A.2d 550 (citing *Commonwealth ex rel. Cohen v. Roberts*, 11 Pa. D. & C.2d 257, 262 (C.P. Pa. 1956)).

The Pennsylvania Superior Court considered a similar question in *Warner*, where an appellant affixed a motion cover sheet to a certificate of merit and filed it with the prothonotary. There, the Superior Court held that the certificate of merit could not be considered filed on the time-stamped date because the appellant treated the document as a motion. *Warner*, 874 A.2d at 648. Furthermore, the Superior Court determined that the prothonotary had no responsibility to inform the appellant that there was an incorrect characterization of the filing. *Id*. This rationale flows directly from Pennsylvania's determination that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Vann v. Unemployment Comp. Bd. of Rev.*, 494 A.2d 1081, 1086 (Pa. 1985).

As in *Warner*, the prothonotary here did not have a duty to locate Wheeler's notice of appeal that was not readily available on the face of the filing. Further, Wheeler's reliance on *Nagy*'s filing definition is misguided. Wheeler's Supp. Br. at 8. In *Nagy,* the prothonotary received a facially recognizable, albeit defective, notice of appeal—which is not what Wheeler provided here. *See Nagy*, 829 A.2d at 1167. While Wheeler is correct that a notice of appeal is "filed" upon receipt by the prothonotary, the prothonotary could not reasonably have been required to inquire beyond the face of Wheeler's document to determine that the notice of appeal was attached as an exhibit to the petition for leave to appeal *nunc pro tunc*. *See* Trial Ct. Op., 3/15/2024 at 7.

10

Additionally, Wheeler's notice of appeal cannot be treated as a separate filing. Wheeler argues that *Commonwealth v. Shick* (Pa. Super., No. 720 WDA 2018, filed October 8, 2019) holds that an attached notice of appeal cannot be characterized as an exhibit when (1) the motion did not refer to the notice as an exhibit, (2) the notice of appeal was correctly labeled, and (3) the notice had its own certificate of service. Wheeler's Supp. Br. at 7. However, Wheeler fails to consider the fourth factor considered by the *Shick* court, which was the presence of a cover letter addressed to the Clerk of Courts that expressly stated that the singular document contained both a Motion for Corrective Order and a Notice of Direct Appeal to be filed. *Shick*, 222 A.3d at n.15. Here, unlike in *Shick*, there is no indication in the record that Wheeler provided a cover letter or similar notice that characterized the petition and its attached notice of appeal as separate filings.[12] As a result, *Shick*'s holding is inapplicable. The prothonotary acted properly by accepting and filing the document as it was facially presented by Wheeler. Therefore, the Trial Court did not err in its determination that there was no breakdown in the court's operation as a result.

### C. Timeliness of Appeal Submission

Under Rule 903(a) of the Pennsylvania Rules of Appellate Procedure, "the notice of appeal required by Rule 902 . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Manifestly,

---

[12] Wheeler contends that his motion for reconsideration of the Trial Court's February 8, 2022 order was sufficient indication that (1) the notice of appeal was intended to be filed separately and (2) that he always intended to appeal. Wheeler's Supp. Br. at 7. This argument is irrelevant, as the motion for reconsideration was filed after the 30-day deadline for filing the notice of appeal had already passed.

11

however, timeliness is conditional on filing, and since Wheeler failed to properly file his notice of appeal, his assertion of timeliness is moot.

### D. Trial Court's Failure to Address the Amended 1925(b) Statement

As a general matter, a Rule 1925(b) statement serves to provide the trial judge with clarification of errors complained of by the appellant. Pa.R.A.P. 1925(b). While the term "errors" is interpreted flexibly to encompass subsidiary issues potentially flowing from the direct appeal, an appellant is not permitted to raise entirely new issues in the course of the 1925(b) statement. *Id.* Note ¶ (b). To be considered a subsidiary issue,

> the unstated issue must be "included" within the stated issue. Whether the unstated issue is fairly "included" within the stated issue depends in substantial part upon the interrelationship between the two issues – i.e., whether resolution of the stated issue may depend, in whole or in part, upon the resolution of the unstated issue. In other words, the question is whether resolution of the two issues is sufficiently connected to each other such that the resolution of one may depend in some respect upon resolution of the other. This interrelationship typically occurs when the unstated issue is an element of, or important to, the broader stated issue . . . .

*Commonwealth v. Price*, 284 A.3d 165, 170-71 (Pa. 2022). Conversely, a newly raised issue is not subsidiary if it is "separate and distinct from the stated issue." *Id.* at 171; *see Commonwealth v. Hernandez* (Pa. Super., No. 425 WDA 2019, filed November 25, 2020) (holding that the previously unstated issue of inability to use intoxication as a defense at trial was a separate and distinct matter from the original issue raised regarding the Commonwealth's failure to produce sufficient evidence).

The scope of Wheeler's appeal refers only to the issue of the denial of his second petition for leave to appeal *nunc pro tunc*. Notice of Appeal, 12/10/21.

12

Thus, Wheeler's 1925(b) clarifications must be limited to this direct issue, and any subsidiary issues that are unstated but interrelated to the denial of his petition. However, although Wheeler sets forth nine issues in his Amended Statement, the Trial Court correctly observed that only Wheeler's first issue is within the scope of this appeal. Trial Ct. Op., 3/15/2024 at 7-8. Thus, while Wheeler requests relief in the form of a remand to consider arguments two through nine, such relief would be improper, as each of these arguments address an issue distinctly separate from the denial of his second petition.[13] Therefore, Wheeler is incorrect in his assertion that the Trial Court's failure to consider such issues warrants remand.

## IV. Conclusion

Based on the foregoing discussion, this Court concludes that there was no abuse of discretion by the Trial Court when it failed to include the timeline for filing an appeal in its December 21, 2021 order. Further, the facts as presented did not establish a duty in the prothonotary to file Wheeler's notice of appeal. Accordingly, we cannot consider the separate relief sought in the Application for Relief, and we affirm the Trial Court's February 8, 2022 order denying the second petition for leave to appeal *nunc pro tunc*.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[13] As stated above, these claims assert distinct defenses such as a misapplication of the statute of limitations, abuse of discretion in denying leave to amend the complaint to conform with evidence, error in granting the motion for judgment on the pleadings, and incorrect application of discovery rules.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Wheeler,                          :
                 Appellant      :
                                     :
          v.                   :
                                     :
PA Dept. of Corrections, Daniel J.       :
Gehlmann, Gerald L. Rozum,               :   No. 178 C.D. 2022
and John Wetzel                          :

# **O R D E R**

AND NOW, this 17th day of October, 2025, the February 8, 2022 order of the trial court is AFFIRMED. Appellant's application for relief in the form of a request for a second remand for further consideration of his Amended Statement of Errors Complained of on Appeal is DISMISSED.

 

 

_____
CHRISTINE FIZZANO CANNON, Judge